Nash, C. J.
 

 The notes offered in evidence were properly
 
 *410
 
 rejected. If they could be used in the manner proposed, it would necessarily lead to a violation of the rule, that a jury cannot decide by a comparison of hand-writing. They would, if entrusted with the papers, compare the hand-writing of the document upon which the action is brought, with those given in evidence ; and not being themselves experts, supposition. would take the place of facts, upon which alone a verdict ought to be founded. More especially ought the papers offered in evidence here, to have been rejected; they were shown to the witness on the morning of the trial, and might have been selected from many others to answer the particular purpose for which they were tendered. If such a thing were countenanced in practice, it would lead eventually to. imposition on the Court, and fraud upon the opposite party. I hope it is unnecessary to say we impute no improper conduct or motive to the defendant in the present instance. "Writings, in general, are not properly submitted to tire inspection of a jury ;'if used on the trial of a case, they may be road to them.
 
 Outlaw v.
 
 Hurdle, 1 Jones’
 
 Rep. 150.
 
 In the rejection of the papers as evidence to go to the jury for their inspection, there is no error.
 

 The
 
 second
 
 exception is not sustained; the papers themselves being rejected, the question propounded to the witness was entirely immaterial; if they had been admitted it might have been material to identify them as the papers shown to the witness on the day before the trial.
 

 The
 
 third
 
 exception is not tenable. Mr. Sattertlrwaite, when first tendered as a witness, was incompetent. Being the plaintiff’s security on the prosecution bond, he was disqualified by his interest. By permission of the Court, the plaintiff was allowed to file another prosecution bond with a different surety. The Court ordered the first bond to be can-celled. It is objected, that the first bond was still in force, and the Court could not deprive the defendant of his interest in it, and because the prosecution bond was on file in another Court, and not present to be cancelled. By the order of the Court directing the first bond to be cancelled, it was as effect
 
 *411
 
 ually stript of all efficacy against the witness, Mr. Satterthwaite, as if it had been present and aaisually destroyed; and any attempt to enforce its collection by a suit at Law would have been a contempt of Court. See cases of
 
 McCulloch
 
 v. Tyson, 2 Hawks. 336; 2 E. C. L. R. 468. The first was an appeal bond, for which, on motion, the witness being interested, the appellant was permitted to substitute a new bond. If this can be done, upon an appeal, we see no reason why it should not be done in the ease of a prosecution bond. In requiring a bond in either case, the security of the opposite party is the main object; and if, when the cause is to be tried, he is secured by a competent bond, the object is answered. Mr, Satterthwaite, after the order was made by the Court, was a competent witness.
 

 The question put to Dr. Blow by the defendant’s counsel was properly ruled out by the Court; the witness had stated that he was not an expert in deciding upon the genuineness of hand-writing, he was, therefore, not competent to' answer the question put to him.
 

 The answer of Mr. Mordecai to the question put to him, is not set foijli, so that the Court may judge of its bearing upon the question; the exception must set out the evidence objected to.
 
 State
 
 v.
 
 Clark,
 
 12 Ire. 151;
 
 Sutliff
 
 v.
 
 Lunsford,
 
 8 Ire. Rep. 318. There is no error.
 

 Pide Cueiam.
 

 Judgment affirmed.