M. V. TUTTLE et al. v. THOMAS RAINEY et al.

*Evidence—Handwriting—Presumption.*

1. While it is not competent to prove handwriting by comparison, it is not necessary that the witness shall have seen the person, whose writing is the subject of controversy, write—it is sufficient if he shall have acquired by other means, as by receiving letters or handling papers of admitted genuineness, knowledge to enable him to identify the writing.

2. In an action to set up a lost deed, it was not error to permit a witness to repeat the remark "now you know whose land it is," made at the close of the reading of the deed by the vendee a short time before its loss or destruction—proof of the contents having been previously given.

3. Possession of an unregistered deed does not raise a presumption of its delivery, but it is a fact from which the jury may infer a delivery in the absence of rebutting evidence.

(*State* v. *Harris*, 5 Ired., 287; *Gordon* v. *Price*, 10 Ired., 385; *McKonkey* v. *Gaylord*, 1 Jones, 94, and *Pope* v. *Askew*, 1 Ired., 16, cited).

33

This is a CIVIL ACTION, which was tried before *Boykin, Judge,* at February Term, 1887, of FORSYTH Superior Court.

Patrick Rainey died intestate in November 1884, in possession of a tract of land in Forsyth county, without issue, and the parties to this action are his heirs-at-law.

The complaint states that the land belonged to one Thomas Rainey, a brother of the intestate, and that he conveyed it to the latter by a deed, in form to pass an estate in fee, which has not been registered, and is lost or destroyed, if not suppressed by the defendant Virgil Rainey, into whose hands, as administrator, the effects of the deceased passed. The object of the action is to procure its production, if in existence, or if not, to re-establish the deed in order to perfect the title derived under it.

There was a single issue presented to the jury : " Did the defendant, Thomas Rainey, prior to the death of James P. Rainey, execute and deliver to him a deed in fee simple to the lands in controversy?" To this inquiry the jury responded in the affirmative.

On the trial the plaintiff E. A. Rainey, testified, that in April, 1884, he saw a deed for the land from his uncle, Thomas Rainey, to the intestate, and read it; That was a conveyance in fee simple, recited a consideration of $6,400, and bore the signature of said Thomas Rainey;

That he knew the handwriting of his uncle though he had never seen him write;

That he lived in New York, and witness had seen many letters from him to the father of witness, about family matters and family business, concerning which no one else was familiar;

That almost every day came newspapers to his father directed in the same hand, and for years a photograph of his uncle was hanging on the wall of the sitting-room with an under-written message of presentation, concluding with the words: "From your affectionate brother, Thomas Rainey."

Objection was made to the witness speaking of the hand-writing, on the ground that his acquaintance with it had not been sufficiently shown, but it was overruled and the testimony received, and exception to the ruling noted.

The witness further stated that at the time referred to, the deceased took the deed from his trunk, and brought it into the room where himself and sister, Mrs. Moore, were, and read it in their hearing, witness at the time holding one side of the deed, and following him in the reading; that after the reading was finished, witness said to his sister: "Now you know whose land it is; we have seen the deed, and there is no use talking about it any more."

There was judgment for the plaintiffs, and defendants appealed.

*Messrs. C. B. Watson* and *W. B. Glenn,* for the plaintiffs.
*Mr. James T. Morehead,* for the defendants.

SMITH, C. J., (after stating the case). The admission of this declaration was resisted, as not constituting a part of the *res gestæ,* but was allowed, and defendants excepted.

An exception similar to that first adverted to was made to the testimony of the plaintiff E. H. Rainey, as to the authenticity of a letter purporting to come from Thomas Rainey, based upon the same alleged want of qualification in the former witness, and whose knowledge of the hand-writing was acquired in like manner. It was again objected to, that Mrs. Moore, present when the remark was made, was allowed to repeat the language of the first witness, E. A. Rainey, made then and repeated afterwards: "Now we know whose land it is."

While it is true, a witness will not be allowed to testify to hand-writing, when his knowledge is acquired from a comparison of hands—that is, when the genuineness of one writing is proved *aliunde*—and he proposes to identify another

as proceeding from the same source, from their resemblance, as is decided in *Pope* v. *Askew*, 1 Ired., 16—it is not necessary in all cases that the witness should have seen the party write, to enable him to identify the disputed writing. Thus a cashier of a bank, who had for ten years received and passed away a great many bills of the bank, from which were issued bills of the kind of that alleged to be spurious, and for passing which the defendant was indicted and was then on his trial, was permitted to testify to its being a counterfeit. *State* v. *Harris*, 5 Ired., 287.

Evidence of the same kind, based on knowledge similarly acquired, was received in *Gordon* v. *Price*, 10 Ired., 385.·

But a precedent more in point, and in our opinion not distinguishable from that before us, is found in *McKonkey* v. *Gaylord*, 1 Jones, 94. In this case the witness had obtained a knowledge of the writing from other transactions between them, but had never seen the party write.

The witness was allowed to testify to the hand-writing.

The objection to what was said when the deed was read, and repeated afterwards, and to its reproduction by the sister, is equally without support.

It was indeed but a summary re-statement of the contents of the deed, which had just been read, and corroborates the witness as to the accuracy of his memory, and for the same reason its repetition afterwards was competent.

The remaing exception is to the charge given to the jury to this effect: " If they believed, from all the testimony, that James P. Rainey had in his possession, prior to his death, a paper-writing containing all the matters testified to by E. A. Rainey, and that it was a.deed, from the fact of his possession the law presumed a delivery under all the circumstances, but it devolved upon the plaintiff to establish this by clear and convincing proofs, and if the jury, upon a consideration of the whole, were left in doubt about the matter, then they should answer the issue in the negative."

If it was intended to say that the law presumed a delivery from the possession of the deed, instead of that the law authorizes the jury from that fact to infer a delivery, and in the absence of rebutting evidence, to act upon it, it would be error. But the language, in connection with what follows, will not require so rigid a construction, and it should rather be understood in the other sense. The instruction proceeds to say that it devolved on the plaintiffs to establish this—that is, the facts upon which his cause of action rests, and, certainly, the delivery *by clear and convincing proofs.* There was nothing to contravene or weaken the force of the presumption, and in the way the case went to the jury the defendants have nothing of which to complain. Most clearly the instruction required proof of the delivery, and with this was the presumption.

There is no error, and the judgment is affirmed.

Affirmed.