I. I. FULLER v. EMMA FOX, Ex'x of WM. FOX.

*Evidence—Handwriting — Submitting Papers to Jury.*

1. Evidence as to handwriting, founded on a comparison of hands, is inadmissible.

2, It is not competent, upon an issue involving the genuineness of a paper writing, to submit others, proved or admitted to be genuine, to the inspection of the jury for purpose of comparison.

3. *Yates* v. *Yates*, 76 N. C., 142, is commented upon and distinguished.

CIVIL ACTION, tried before *Avery, J.*, at September Term, 1888, of the Superior Court of VANCE County.

The plaintiff alleges that, in 1883, he made a loan of $450 to W. Fox, who executed his note therefor, as follows:

" On or before 22 day of February, 1887, I promise to pay to I. I. Fuller four hundred and fifty dollars, with eight per cent. interest, for value received.    Feb. 19, 1883.

(Signed) T. W. FINCH.                    W. FOX."

That Fox died in 1887, leaving a last will and testament, which was duly proved, and the defendant, the executrix therein named, qualified as such.    He demands judgment for the amount alleged to be due, with interest.

The defendant admits the death of Fox ; that he left a will, in which she is named executrix, and that she quali-

fied as such; but says, as to the other material allegations of the complaint, she has no knowledge or information thereof sufficient to form a belief, and she denies them.

The following issue was submmitted to the jury:

" Did the defendant's intestate (testator) execute the note sued on?" To this issue they responded, " Yes."

There was evidence tending to prove the execution of the note by proving the handwriting of the subscribing witness Finch, and of Fox, and there was evidence tending to prove the contrary. It was in evidence, on behalf of the defendant, that certain papers marked 1, 2, 3, and 4, with the signatures of W. Fox thereto, were genuine, and were signed by him, and that the signatures to these papers were not in the same handwriting as that to the note sued on.

The defendant offered to exhibit to the jury the papers marked 1, 2, 3 and 4 for their inspection.

On objection, the Court refused to allow it, and the defendant excepted. The papers marked 1, 2, 3, and 4 were then read to the jury. There was a verdict for plaintiff, and from the judgment thereon the defendant appealed.

*Messrs. T. M. Pittman* and *L. C. Edwards*, for the plaintiff.
*Mr. A. C. Zollicoffer*, for the defendant.

DAVIS, J., (after stating the case). The only exception in the record presented for our consideration, is the single question : Was there error in refusing to permit the jury, for the purpose of comparison, to inspect the papers which had been testified to as genuine?

The counsel for the defendant concedes that it has been held to be the rule in this State, that it was not competent, in passing upon questions of this character, to submit writings, such as were offered to the inspection of the jury, for the purpose of comparison by them, but he insists, with earnestness and ability, that the rule is not in harmony with

more recent decisions in many of the States of the Union, and with the case of *Yates* v. *Yates,* 76 N. C., 142, and that the Court should not withhold from the jury the inspection of writing admitted or proved to be genuine, but should permit such writings to be submitted to the jury for the pur-purpose of comparison, and thus to aid them in coming to a correct verdict.

The law, as it exists in the different States, is not uniform. In many of them it has been regulated by statute, and in some of them it has been made to conform to the rule in-sisted on by counsel for the defendant. Rogers on Ex-pert Testimony, 190. But in most of the States, and with rare exception, where there is no statutory regulation upon the subject, the law is held to be as laid down by GASTON, J., in *Pope* v. *Askew,* 1 Ired., 16; Rogers, Ex. Tes., 192; Lamson, Ex. and Op Ev., 400.

It will be found, upon examination, that in *Powell* v. *Fuller,* 59 Vermont, 688, and in most of the cases relied on by coun-sel for the defendant, the papers permitted to go to the jury for inspection and comparison, were such as were in evidence in the cause for other purposes, or such as were first passed upon by the Court and adjudged to be genuine.

We think the case of *Pope* v. *Askew,* 1 Ired., 16; *Outlaw* v. *Haigh,* 1 Jones, 150; *Otey* v. *Hoyt,* 3 Jones, 407; *Watson* v. *Davis,* 7 Jones, 178; *Burton* v. *Wilkes,* 66 N. C., 604, and *Tut-tle* v. *Rainey,* 98 N. C., 513, settle the law in this State to be that testimony as to handwriting, founded on what is prop-erly called a comparison of hands, is inadmissible, and that " a jury cannot decide by a comparison of handwriting." Jurors are not generally experts in handwriting, and such evidence, for the many reasons given in the cases cited, would often tend to confuse and mislead them.

The case of *Yates* v. *Yates* is not in conflict with these au-thorities. In that case the witness, after examining the sig-nature of John Elber to a deposition, admitted to be genuine,

and his signature as a witness to the deed in controversy, was permitted to give it as his opinion that the latter signa- was not genuine. The witness, as an expert, was allowed to compare the signature admmitted to be genuine with the signature in dispute, but the paper was not submitted to the inspection of the jury, and the comparison was not made by them, and though there is a *dictum* of RODMAN, J., and a ref- erence to some authorities which seem to sustain the position of counsel for the defendant, the point decided is in perfect harmony with the authorities cited.

In fact Judge Rodman, in admitting the testimony sus- taining the ruling of the Judge below, says: " This was per- missible under the decision of *Outlaw* v. *Hurdle.*

There is no error.

Affirmed.