JOHN H. BOYD ET AL. v. T. N. LEATHERWOOD ET AL.

(Filed 27 May, 1914.)

1. Evidence—Witnesses—Experts—Comparison of Handwriting.

Before the passage of chapter 52, Public Laws 1913, it was incompetent for a handwriting expert to testify to the genuineness, or otherwise, of the signature of a party to a writing based upon a comparison with another signature, not admitted to be genuine or requiring proof that it is so.

2. Same—Explanations—Comparison by Jury.

It is competent for handwriting experts to show and explain to the jury various signatures being compared by him, when giving his opinion on the genuineness of one of them, the subject of the inquiry; but it is not allowed that the jury make the comparisons for themselves in the absence of expert testimony.

3. Evidence—Witnesses, Expert—Findings of Trial Court—Appeal and Error.

Where the testimony required of an expert witness has been ruled out upon the trial in the Superior Court, this Court on appeal will not pass upon the exception taken to its exclusion when it does not appear of record that the trial judge had passed upon the question of whether the witness had qualified himself to give evidence of this character, and had held him to be qualified.

4. Evidence — Witnesses — Experts — Handwriting—Declarations—Trials—Evidence—Questions for Jury.

Where a bond sued on is attacked upon the ground that the signature thereto was a forgery, it is competent to show that the maker thereof had made a statement, at the time the bond was given, in accordance with the expressed tenor of the bond, as a circumstance tending to show he had executed it.

**5. New Trials—Motions—Newly Discovered Evidence.**

The affidavits and counter-affidavits, upon a motion for a new trial in this case because of newly discovered testimony, involving, among other things, charges and counter-charges of perjury of or unlawful influence exerted upon a witness who had testified at the trial, do not commend themselves to the favorable consideration of the Supreme Court; and it being improbable that the new trial sought would result differently, the motion is denied.

APPEAL by plaintiff from *Carter, J.,* at January Term, 1914, of HAYWOOD.

This action was brought to set aside a contract or bond, alleged by defendants to have been executed by W. J. G. B. Boyd on 26 June, 1912, by which he agreed to convey to T. N. Leatherwood a certain tract of land, supposed to contain 100 acres and lying on the waters of Caldwell Fork of the Cataloochee. Plaintiffs alleged that the contract was not made by the said Boyd, but is a forgery. An issue was submitted to the jury, presenting an inquiry as to the genuineness of the paper, and a verdict was rendered for the defendant. Judgment thereon, and appeal by plaintiffs.

*Ferguson & Silver for plaintiffs.*

*W. J. Hannah, John M. Queen, and F. E. Alley for defendants.*

WALKER, J., after stating the case: The questions raised by this appeal relate principally to the admissibility of certain evidence offered by the plaintiffs and rejected by the court.

Plaintiffs introduced as a witness C. B. Atkinson, and proposed to prove by him "the alleged signatures of W. J. G. B. Boyd, as they appear on the records of the treasurer's office, for the purpose of comparing the same with the signature in the bond in dispute," which is plaintiff's exhibit No. 1. This suit was commenced before the passage of Public Laws 1913, ch. 52, which does not apply to actions pending at the date of its enactment. It is not competent thus to prove the spuriousness or genuineness of a signature or other writing by comparing it with other signatures in writings which are not ad-

mitted to be in the handwriting of the party in question, or otherwise shown, according to some recognized rule of law, to be safe standards for making the comparison. We are not speaking now of ancient documents, but confining ourselves to the very question asked in this case. It was held in *Tunstall v. Cobb,* 109 N. C., 316, to be the settled law of this State that a comparison of the disputed writing can be made by a qualified witness with one "whose genuineness is not denied, and also with such papers as the party whose handwriting gives rise to the controversy is estopped to deny the genuineness of, or concedes to be genuine"; but no comparison is permissible where the proposed standard is itself disputed or evidence is required to establish its genuineness. In that case this Court said: "Three reasons are given for excluding as incompetent a comparison by an expert witness, of a signature or writing not admitted to be genuine or connected with the case on trial, with a signature or writing which has been offered in writing, where the genuineness of the latter is drawn in question: (1) There is danger of fraud in the selecting of writings offered as specimens for the occasion. (2) The genuineness of specimens offered may be contested, and thus numberless collateral issues may be raised to confuse the jury and ·divert their attention from the real issue. (3) The opposing party may be surprised by the introduction of specimens, not admitted to be genuine, and for want of notice may fail to produce and offer evidence within his reach, tending to show their spurious character. 1 Greenleaf on Ev., secs. 578 to 580; *Fuller v. Fox,* 101 N. C., 119; *Outlaw v. Hurdle,* 46 N. C., 150; *Tuttle v. Rainey,* 98 N. C., 513; *Pope v. Askew,* 23 N. C., 16." This rule was recognized in the more recent cases of *Martin v. Knight,* 147 N. C., 564, and *Nicholson v. Lumber Co.,* 156 N. C., 59.

In *Martin v. Knight, Justice Connor* says that the Court was unanimous in *Tunstall v. Cobb* as to the general rule in regard to a comparison of handwriting, and it is "the generally received doctrine of this and other States, and was followed in *Lowe v. Dorsett,* 125 N. C., 301; *Ratliff v. Ratliff,* 131 N. C., 425."

BOYD *v.* LEATHERWOOD.

It is said in *Nicholson v. Lumber Co., supra,* citing *Fuller v. Fox,* 101 N. C., 119, and *Martin v. Knight, supra,* that the rule "excluding proof of handwriting by comparison is now so far relaxed with us as that, although a jury is not allowed to make comparisons for themselves, a witness, expert or not, who has been properly allowed to express an opinion as to the handwriting of a given paper, on being shown a writing admitted to be genuine, may show the two papers to the jury, and, by making comparisons between them, explain and point out to the jury the similarity or difference between the two"; and the same was substantially held in *Martin v. Knight, supra.* The judge properly excluded the question.

The witness of plaintiff, A. A. Hamlet, was asked if he had examined the handwriting of W. J. G. B. Boyd, and also if he could form a satisfactory opinion whether the signature to a paper is genuine, and following up the last question, he was asked if the signature to the bond was genuine or spurious. These questions, on objection by the defendant, were excluded. It is evident that the court ruled them out because the witness had not qualified himself to answer them. At any rate, there is no finding that he was so qualified. It was said by *Justice Allen,* for the Court, in *Boney v. R. R.,* 155 N. C., 95: "If the questions were asked of the witness as an expert, there is no finding or admission that the witness was an expert. As was said by *Justice Manning,* in *Lumber Co. v. R. R.,* 151 N. C., 220: 'We cannot assume that his Honor, in this view, found the witness to be an expert, and then excluded the question and answer. In order that the witness might testify when objection is made, there must be either a finding by the court or an admission or waiver by the adverse party that the witness was so qualified.' "

It is also manifest that it was expected the witness would base his opinion, if it had been given, upon a comparison of handwriting forbidden under the rule we have stated. Besides, it does not appear what the reply to the questions, as to the genuineness of the paper, would have been, even if the signature to the bond was the one referred to. It does not appear

clearly that it was. He was only asked, "Is that a genuine signature?" without any indication to us of what signature was meant. But it is sufficient answer to the exception, that the court excluded the questions without having found that the witness had qualified himself to give the desired testimony. We must infer that he decided them to be incompetent on this ground and under the above authorities.

There were two admitted standards for comparison in this case, and plaintiff proposed to hand them to the jury for the purpose of having the jurors compare the disputed signature to the bond with them. This evidence was excluded, and properly so, as we have seen that "the jurors are not allowed to make comparisons for themselves" (*Nicholson v. Lumber Co., supra,* at p. 66), although a witness may, under certain circumstances already mentioned, show them the papers for the purpose of explaining his opinion as to the genuineness of the paper in question and pointing out similarities or differences, as the case may be, between the paper admittedly genuine and the one alleged to be spurious, just as a surveyor, who is a witness, may explain a map made by him.

This Court, in *Martin v. Knight, supra,* cited with approval *People v. Pinckney,* 67 Hun., 428, as follows: "It is apparent that the submission of a writing to a jury must be in connection with the testimony of witnesses in regard to the validity or authorship of the various handwritings, and that, independent of the examination of witnesses, such handwritings cannot be submitted to the jury for the purpose of arbitrary comparison by them. In other words, the handwritings can only be inspected by the jury in aid of the testimony of witnesses in reference to the authorship of the handwritings in question."

The plaintiff, therefore, did not bring his case within the well-settled rule, and the court held correctly on this question.

It was competent to prove that W. J. G. B. Boyd had said, at the time the bond was alleged to have been executed by him, that he had sold his farm on the Cataloochee to Leatherwood. It was evidence bearing upon the genuineness of the paper, not quite as strong as if he had admitted the execution of the par-

BOYD *v.* LEATHERWOOD.

ticular bond, and yet not too weak to be received as a circumstance fit to be considered. *In re Welborn's Will, post,* 636.

There was no error in the rulings of the court.

No error.

---

PER CURIAM. The motion for a new trial on the ground of newly discovered testimony is denied. The plaintiff has not brought his motion within the rule governing such applications. *Johnson v. R. R.,* 163 N. C., 431. It is not probable that the alleged new evidence will be given at another trial, nor, if it should be, does it appear likely that the result, under the circumstances disclosed in the affidavits, will be changed. For these and other good reasons, it will serve no practical purpose to grant a new trial. There are very serious charges of bribery and perjury and of attempts to obstruct the administration of justice, and countercharges of the same nature, which, perhaps, should be the subject of a criminal investigation. One or the other, or both, of the crimes may have been committed. If either of the parties has told the truth, the other has been guilty of grave criminal offenses—subornation of perjury and bribery. Defendant's witness Charles H. Russell, in an affidavit, stated that he had been bribed to testify as he did at the trial, and afterwards he stated, under oath, that he had been plied with liquor and bribed with money to make the affidavit. The application, therefore, does not commend itself to favorable consideration in this Court.

Motion denied.