THOMAS B. NEWTON v. CARRIE NEWTON.

(Filed 21 September, 1921.)

**1. Evidence—Writing—Genuineness—Jury—Statutes.**

    The principle, formerly recognized in this State, that confined the proof of handwriting to the testimony of a competent witness in comparing that sought to be established with handwriting either admitted or proven as that of the party, has been changed by statute, C. S., 1784, and where the disputed writing has been rendered competent under this principle, it may now be submitted to the jury, together with that admitted or proven since 5 March, 1913.

**2. Appeal and Error—Irrelevant Evidence—Harmless Error.**

    In this case the handwriting sought to be introduced as evidence before the jury and to be considered by them was irrelevant, and the action of the court in refusing to let the writing be submitted to the jury, to determine its genuiness, under the statute, was harmless error. C. S., 1784.

APPEAL by plaintiff from *Calvert, J.*, at April Term, 1921, of EDGE-COMBE.

This is an action for divorce. Verdict and judgment for defendant. Appeal by plaintiff.

    *G. M. T. Fountain & Son, and Don Gilliam for plaintiff.*
    *Allsbrook & Philips for defendant.*

CLARK, C. J. A letter purporting to be from the defendant was offered as competent evidence against her, as tending to show the misconduct alleged. Its genuineness being denied, the judge admitted witnesses to compare the signature and handwriting of the letter with the

NEWTON *v.* NEWTON.

defendant's signature to the answer, which she admitted to be genuine, but refused to permit the writings to be submitted to the jury for their inspection.

In *Outlaw v. Hurdle,* 46 N. C., 150, the Court held that while witnesses can testify to the genuineness of the handwriting by comparison with other papers admitted or proved to be genuine, the jury must pass upon its genuineness upon the testimony of witnesses, holding: "Writings are not properly submitted to a jury's inspection. As a general rule all evidence is addressed to the hearing of the jury and not to their sight." In *Tunstall v. Cobb,* 109 N. C., 321, the Court said: "In North Carolina it seems to be settled law that an expert in the presence of the jury may be allowed to compare the disputed paper with other papers in the case, whose genuineness is not denied, and also with such papers as the party whose handwriting gives rise to the controversy is estopped to deny the genuineness of, or concedes to be genuine, but no comparison by the jury is permitted. *Pope v. Askew,* 23 N. C., 16; *Outlaw v. Hurdle,* 46 N. C., 150; *Otey v. Hoyt,* 48 N. C., 407; *Yates v. Yates,* 76 N. C., 142; *Fuller v. Fox,* 101 N. C., 119," and this has continued to be the settled law in this State. See cited cases to *Tunstall v. Cobb,* in the Anno. Ed.

But a recent statute, ch. 52, Laws 1913, now C. S., 1784, has provided, "In all trials in this State, when it may be otherwise competent and relevant to compare handwritings, a comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine, shall be permitted to be made by witnesses, and such writings and evidence of witnesses respecting the same may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute, provided this shall not apply to actions pending on 5 March, 1913." The last line is an unequivocal declaration of change in the rule obtaining theretofore.

As we understand the statute, the admission of testimony as to the genuineness of a writing by comparison of handwriting is now on the same basis as the declarations of agents. The Court determines whether there is *prima facie* evidence of agency or of the genuineness of writing admitted as a basis of comparison, and then the testimony of the witnesses and "the writings" (in the plural) themselves are submitted to the jury. It is fair to the presiding judge to say that this statute was not called to his attention. It was adverted to by *Walker, J.,* in *Bank v. McArthur,* 168 N. C., 55, though the disputed writing in that case did not come within the statute.

Though it was error to exclude the writings from the jury if the testimony was competent and pertinent, it was not reversible error in this

instance, for we are of opinion that the letter, if genuine was irrelevant, not tending to prove any fact or circumstance in issue, and the refusal to submit the writing to the jury to determine its genuineness was harmless error.

Upon the whole case we can find no error of which the plaintiff can complain.

No error.