## F. J. GOODING ET UX. v. M. C. POPE ET AL.

(Filed 26 October, 1927.)

**Evidence—Jury—Handwriting—Statutes.**

Where payment of a note sued on is pleaded and the genuineness of the signature of the payee to a receipt for the amount is in dispute, and an expert in handwriting has given his opinion upon comparing with a

magnifying glass the disputed signature with the genuine one, it is not error for the trial judge to permit the jury, while deliberating upon their verdict, to make the comparison with the magnifying glass for themselves, when it does not appear that it could have been to the prejudice of the appellant. As to whether this is otherwise permitted under the provisions of C. S., 1784, *quere?*

APPEAL by defendants, M. C. Pope and wife, from *Bond, J.,* at May Term, 1927, of NEW HANOVER.

Civil action to recover the balance alleged to be due on a note and to restrain the cancellation of a mortgage given to secure the payment of the same.

On trial the whole case was made to turn on whether or not the defendants had paid to the plaintiff 14 August, 1926, the sum of $2,500 as a credit to be applied on said note. The defendants offered in evidence a paper-writing which purported to be a receipt, signed by the plaintiff, for $2,500, dated 14 August, 1926, also other papers bearing admittedly genuine signatures of the plaintiff, for the purpose of comparison. The controversy waged around the genuineness of this receipt. The jury found it to be spurious.

The papers offered in evidence by the defendants were handed to the jurors during the trial, and they examined same with a magnifying glass while counsel were arguing the case. After the jurors had retired to make up their verdict, they asked that the papers offered in evidence by the defendants, together with the magnifying glass, be sent to the jury room for further examination by them. Over objection of counsel for defendants the court directed the sheriff to deliver to the jury the papers offered in evidence by the defendants, together with the magnifying glass used on the trial. Defendants except and assign this action of the court as error.

Verdict and judgment for plaintiff. Defendants appeal.

*McNorton & McIntire for plaintiffs.*
*W. F. Jones and Herbert McClammy for defendants.*

STACY, C. J., after stating the case: Was it error for the court, after the jury had retired to make up its verdict, to send to the jury room, on request of the jury and over objection of counsel for defendants, the papers offered in evidence by the defendants, together with the magnifying glass used on the trial? We think not under the facts of the present case.

The practice at common law was against allowing the jury to examine the papers introduced in evidence, either during the trial or

afterwards in the jury room. *Newton v. Newton,* 182 N. C., 54; *Tunstall v. Cobb,* 109 N. C., 321; *Outlaw v. Hurdle,* 46 N. C., 150. And this was the law of North Carolina prior to the passage of chapter 52, Public Laws 1913, now C. S., 1784, which is as follows:

"In all trials in this State, when it may otherwise be competent and relevant to compare handwritings, a comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine, shall be permitted to be made by witnesses, and such writings and the evidence of witnesses respecting the same may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute."

Following the enactment of this statute, it was said in *Newton v. Newton, supra,* that the admission of testimony as to the genuineness of a writing by comparison of handwriting is on the same basis as the declarations of agents. The court determines whether there is prima facie evidence of agency or of the genuineness of a writing or writings, admitted as a basis of comparison, and then the testimony of the witness and the writings themselves are submitted to the jury. This, however, does not necessarily mean that the jury shall take the writings into the jury room which, according to numerous decisions in other jurisdictions, is a matter resting in the sound discretion of the trial court. *Hopkins v. State,* 9 Okla. Crim., 104, reported in Ann. Cas., 1915·B., 736, with valuable note beginning on page 742; 16 R. C. L., 301. The use of a magnifying glass, with permission of the court, is also upheld in a number of cases. *Alexander v. Blackburn,* 178 Ind., 66; Note, Ann. Cas., 1915 B, p. 1092.

"Why a jury should not be allowed the use of means to aid them in the examination and comparison of handwriting submitted to them to be examined and compared, which have been found by the experience of bankers and business men of the highest utility for such purpose, we are unable to understand. There is no more mystery in such a glass than in ordinary spectacles in daily use. An unlearned man, other things being equal, can see through such glasses quite as well as the most learned." *Kannon v. Galloway,* 2 Baxt. (Tenn.), 230.

Without making definite decision on the subject or undertaking to lay down a rule to be followed generally, it is sufficient to say that, in the instant case, no possible harm has come to the defendants, as the jury was allowed to examine only the papers offered in evidence by the defendants, for the genuineness of which they vouched. In no event could the action of the court be held prejudicial to appellants.

No error.