Civil action to recover damages for alleged negligent infliction of personal injuries. The plaintiff was walking on the public highway, about six miles from the city of Wilmington, when she was struck by defendant's automobile and injured.
The jury answered the issue of negligence in favor of the defendant. Thereupon, at the trial term and before entry of judgment, the plaintiff lodged a motion to set aside the verdict for misconduct of the jury in taking two toy automobiles into the jury room.
The following is the material part of the court's order:
"During the trial witnesses for the plaintiff and witnesses for the defendant used two toy automobiles to illustrate the manner in which they testified the wreck occurred, and counsel both for the plaintiff and the defendant used the same toy automobiles in illustrating their argument to the jury. After the jury had retired for deliberation, while returning from supper, one of the jurors took the two toy automobiles to the jury room. There the various jurors used the same to illustrate their understanding, pro and con, of the testimony of the respective witnesses, the deliberations finally resulting in the verdict which appears of record.
"Knowledge of the presence of the toy automobiles in the jury room was not called to the attention of the counsel for the plaintiff until after the verdict, and their motion was made in due time.
"Upon the hearing of the motion the court is of the opinion that the use of such toy automobiles merely aided the respective jurors in better presenting their various views as to the testimony of the respective witnesses, and was in no wise prejudicial to either party, and therefore denies the motion, and the plaintiff excepts. Motion to set aside the verdict in the discretion of the court is denied."
Plaintiff appeals, assigning errors.
Affirmed on authority of Bowman v. Howard, 182 N.C. 662,110 S.E. 98, and cases there cited. See, also, Gooding v. Pope,194 N.C. 403, 140 S.E. 21.
Affirmed. *Page 855