STATE OF NORTH CAROLINA v. JOHN LEWIS SIMMONS

No. 7019SC239

(Filed 24 June 1970)

1. Criminal Law § 58— handwriting testimony — bigamy trial — necessity of expert testimony

In an attempt to demonstrate to the jury the genuineness of his signature and the falsity of the signature on the marriage license introduced by the State, the defendant in a bigamy prosecution was not entitled to offer into evidence, without the aid of expert testimony, his driver's license, his social security card, and a paper upon which he had written his name five times. G.S. 8-40.

2. Indictment and Warrant § 17; Bigamy § 2— variance between indictment and proof — name of spouse

Variance between allegation in indictment charging defendant with bigamy in marrying "Mary Katherine Goodman" and proof that the defendant was presently married to "Margaret Catherine Simmons" held not prejudicial to defendant, where defendant admitted his marriage to Margaret Catherine Simmons and did not question or object to her identity at the trial.

APPEAL from Martin (Robert M.), J., 6 October 1969 Session, CABARRUS Superior Court.

Defendant was charged in a bill of indictment with the bigamous marriage to one Mary Katherine Goodman he having previously married one Helen I. Blackwell Simmons, who was then living and from whom he had not obtained a divorce. Defendant entered a plea of not guilty.

The State offered the evidence of Helen B. Simmons which tended to show defendant was married to Helen B. Simmons on 17 May 1952 in York, South Carolina, and that defendant had never been divorced from Helen B. Simmons, although they separated in July

1967. The State's evidence further tended to show defendant married one Margaret Catherine Simmons on 5 July 1967 and that he was living with her at the time of the trial.

Defendant denied ever being married to Helen B. Simmons although he admitted living with her for some 10-15 years. Defendant admitted he was married to Margaret Catherine Simmons.

From a verdict of guilty defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Harrell, for the State.*

*Thomas K. Spence for defendant.*

BROCK, J.

[1]    Helen B. Simmons testified that she and defendant were married in York, South Carolina, on 17 May 1952. Thereafter the State was allowed to introduce into evidence the marriage license for the restricted purpose of corroborating the testimony of Helen B. Simmons. Defendant testified that the signature on the marriage license was not his signature and offered into evidence his driver's license, his social security card, and a paper upon which he had written his name five times for the purpose of demonstrating to the jury his genuine signature. Upon objection, these items were excluded from evidence, and defendant assigns this as error. Defendant contends the jury should have been allowed to examine and compare the signatures offered by him with the signature on the exhibit offered by the State. Thus, defendant raised the issue of the genuineness of the signature on the marriage license.

"[I]n North Carolina, where the early view was that the jury could not, under any circumstances, make their own independent examination ·of handwriting, the courts, while finally relaxing this rule somewhat, still would only allow the jury to examine a disputed writing and an admitted or proved genuine specimen to the extent of having an expert witness, or witness acquainted with the person's handwriting, compare the papers in the presence of the jury and point out the similarity or difference, as the case might be; that is, the jury could only pass upon the genuineness of the disputed writing upon the testimony of witnesses." Annot., 80 A.L.R. 2d 272, 279 (1961).

In 1913 G.S. 8-40 was enacted permitting witnesses to compare a disputed writing with a proved genuine writing and providing that the writings and the evidence of witnesses might be submitted to the

court and jury as evidence of the genuineness or otherwise of the disputed writing. This changed the rule existing theretofore, and comparison by the jury has been approved. If the genuineness of a signature or writing is established to the satisfaction of the judge, a witness may compare the established writing with the disputed writing; and then the testimony of the witness and the writings themselves may be submitted to the jury. *Newton v. Newton,* 182 N.C. 54, 108 S.E. 336; *In re Will of Gatling,* 234 N.C. 561, 68 S.E. 2d 301.

However, neither G.S. 8-40, nor our rules of evidence, permits the jury, unaided by competent opinion testimony, to compare writings to determine genuineness.

**[2]**    Defendant next contends there was a fatal variance between the State's allegata and its probata in that the indictment charged defendant with bigamy in the marrying of one Mary Katherine Goodman yet the evidence introduced by the State was that defendant was presently married to one Margaret Catherine Simmons; and that this constituted prejudicial error.

There is no merit to this contention. Defendant admitted his marriage to Margaret Catherine Simmons. He did not question or object to her identity at the trial. This assignment of error is overruled.

Defendant further assigns as error several portions of the judge's charge to the jury. We have carefully examined these assignments of error in the light of the evidence and the charge as a whole, and, if it can be said there was some technical error, we find no prejudicial error. In our opinion the case was submitted to the jury in such a manner that there can be no doubt the jury understood the applicable legal principles.

In the entire trial we find no prejudicial error.

No error.

BRITT and HEDRICK, JJ., concur.