**UNITED STATES of America,**
**Appellee,**

v.

**Arnold Marvin RANTA, Appellant.**
**No. 73–1127.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1973.

Decided Aug. 13, 1973.

Peter J. Thompson, Minneapolis, Minn., for appellant.

Earl Gray, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before CLARK,* Associate Justice, HEANEY and BRIGHT, Circuit Judges.

## PER CURIAM.

Defendant Arnold Marvin Ranta was charged with two counts of violating 18 U.S.C. § 1708: (1) stealing a letter from the United States mail; and (2) knowing possession of a United States Treasury check unlawfully taken from the mail. A jury found Ranta guilty of the second count and he appeals his conviction. We affirm.

We relate the factual background underlying this conviction. Clayton Amundson, a disabled Vietnam veteran, was to receive "training allowance" checks from the United States Treasury while attending the University of Minnesota, Duluth Branch. At the University, Amundson lived in a two-bedroom trailer unit with three other students, defendant-Ranta, Hoene, and Trachsel. Ranta roomed with Amundson. Each of the four students had access to a single mailbox.

After failing to receive either his May or June Treasury checks, Amundson reported the losses. An investigation by the Secret Service disclosed that the May check had been cashed at a business establishment in Superior, Wisconsin, a city adjacent to Duluth. Amundson's signature had been forged as an endorsement on this check. According to the manager of the business establishment, the check had been cashed by a University of Minnesota, Duluth, student. A Secret Service Identification Specialist identified defendant's fingerprint on the May check.

Hoene, one of the other occupants of the trailer, when called as a witness for the prosecution, testified that he had forged the subsequent June Treasury check in Ranta's presence and had discussed with Ranta the possible ways of cashing a government check owned by someone else.

The Secret Service agent investigating the case took handwriting exemplars from Amundson's three roommates, including five pages of defendant-Ranta's handwriting. According to a Secret Service report, the government handwriting expert could not determine conclusively that Ranta's handwriting was the same as that found on the forged check, nor could he exclude Ranta as the forger. Neither the prosecutor nor counsel for the defendant called the handwriting expert. Over defense objections, Ranta's exemplars were submitted to the jury, and the jury was asked to compare them with the forged endorsement.

On this appeal Ranta contends that his handwriting exemplars should not have been admitted into evidence. The thrust of defendant's argument is that admission of the exemplars was error because the jury should not be permitted to do that which the government's handwriting expert could not do, *i. e.*, reach the conclusion that the forged signature on the check was Ranta's handwriting by comparing the signature with the exemplars. Defendant further alleges that the error was compounded by the prosecutor's remarks to the effect that if the handwriting expert could have exculpated Ranta, defendant's counsel would have called him. Ranta relies on several state cases to support his proposition that the exemplars were inadmissible.[1]

---

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court, sitting by designation.

1. *E. g.*, State v. Simmons, 8 N.C.App. 561, 174 S.E.2d 627 (1970); Clark v. State, 114 So.2d 197 (Fla.App.1959); King v. State, 8 Ala.App. 239, 62 So. 374 (1913).

Federal law specifically provides that: "The admitted or proved handwriting of any person shall be admissible, for purposes of comparison, to determine genuineness of other handwriting attributed to such person." 28 U.S.C. § 1731. This circuit and other circuits have permitted the introduction of a defendant's handwriting for purposes of comparison with handwriting attributed to him. *See, e. g.*, Miller v. United States, 410 F.2d 1290 (8th Cir.), cert. denied, 396 U.S. 830, 90 S.Ct. 81, 24 L.Ed.2d 80 (1969); Strauss v. United States, 311 F.2d 926 (5th Cir.), cert. denied, 373 U.S. 910, 83 S.Ct. 1299, 10 L.Ed.2d 412 (1963); Desimone v. United States, 227 F.2d 864 (9th Cir. 1955). Ranta argues the inapplicability of § 1731 on the ground that the government did not show, as required by the statute, that "other handwriting" (here the endorsement on the check) was attributed to him. We disagree. The existence of Ranta's fingerprint on the missing check sufficiently connected him with the forged endorsement contained thereon and provided adequate foundation to permit the jury to make the handwriting comparison. *See Miller, supra*, 410 F.2d 1290. Additionally, we do not think that the government has engaged in any unfair conduct by its failure to call the handwriting expert to the stand since the expert could have been called by the defense counsel if he had not chosen to forego that opportunity as a matter of trial strategy. The government had made arrangements to have this witness available for use by the defendant.

We have reviewed defendant's claims on this appeal that the trial court permitted improper argument to the jury by the prosecutor and that the court erroneously admitted evidence of defendant's complicity in another crime not charged in the indictment, *i. e.*, Hoene's forgery of the June check. We find these contentions to be without merit.

Affirmed.