W. H. FORTESQUE et al. v. CHARLES CRAWFORD.

*Vendor and Vendee — Statute Frauds — Contract — Evidence —*
*Issues—Registration.*

1. Parol evidence is not admissible to prove the terms of a verbal agreement to convey land when the party against whom it is asserted denies its existence.

2. Nor will a receipt containing no description of the land, but simply reciting that the money was the balance, or on account of land, be sufficient to admit parol evidence in support of the agreement.

3. A survey and plat of the land, made under the direction of the alleged vendor, containing no reference to the receipt alleged to have been given for the purchase-money, will not be sufficient to uphold the agreement; nor will parol evidence be received to connect it with such receipt.

4. Formerly all contracts, or memoranda purporting to be contracts, to convey lands, were required by *The Code*, §1245, to be registered before they could be admitted in evidence. *Quære*, whether this requirement is dispensed with by ch. 147, Laws 1885.

5. In an action to recover possession of land, the defendant set up a parol contract by the plaintiff to convey, which was denied: *Held*, that it was improper to submit to the jury an issue in respect to the making of such contract; and the only issues which ought to have been submitted were the amount of payments made by the vendee, and the value of the betterments placed by him on the property, and of the rents and profits with which he should be charged.

CIVIL ACTION, tried at February Term, 1889, of BEAUFORT Superior Court, *Boykin, J.,* presiding.

The plaintiffs sued to recover the possession of the tract of land described in their complaint.

The defendant admitted he was in possession, but in resistance to plaintiffs' demand set up a parol contract between himself and the ancestor of the plaintiffs, whereby the latter agreed to sell and convey the land to the former for the sum of one hundred and twenty-five dollars; that, by virtue of this agreement, he (defendant) had entered, made improvements and paid the greater portion of the purchase-money. He produced in evidence—the plaintiffs objecting—the receipts and plat of the survey set out and referred to in the opinion of the Court, and demanded judgment that the plaintiffs, upon payment of any balance which might be found due upon the contract of sale, be directed to convey; or, if he was not entitled to such conveyance, that the amount he had paid thereon, and the value of the improvements he had made, be ascertained and declared a lien, &c.

The issues submitted by the Court—the plaintiffs excepting—with the responses thereto, were:

1. Did Gilbert Hale contract and agree in 1872 or 1873 to convey to the defendant the land described in the complaint, and did he have the same surveyed, marked and defined, and

put the description there of in writing, and has the defendant been in possession under said contract up to the beginning of this action?   Answer, " Yes."

2.  Did Gilbert Hale execute and deliver to the defendant the paper-writing set forth in the answer?  Answer, " Yes."

3  What amount did the defendant agree to pay Gilbert Hale for the land in controversy?   Answer, " $125."

4  What amount, if any, is due the said Hale on account of the purchase-money for the land?   Answer, " $10."

Thereupon the Court adjudged that the plaintiffs, upon the payment of the balance found to be due from the defendant, should convey to him the lands in controversy, from which plaintiffs appealed.

*Messrs. J. H. Small* and *W. B. Rodman, Jr.*, for the plaintiffs.
*Mr. Charles F. Warren*, for the defendant.

CLARK, J.: The issues arise upon the pleadings.  *The Code*, § 391;  *Wright* v. *Cain*, 93 N. C., 296;  *Patton* v. *Railroad*, 96 N. C., 455.  There are no allegations in the pleadings which suggest the matter set out in the first issue, and an issue cannot be raised by evidential facts.  *Miller* v. *Miller*, 89 N. C., 209.  It was error to submit it to the jury.

The defendant alleges in his answer that, " Gilbert Hale, .ancestor of plaintiffs, in 1874 contracted, *by parol*, to sell said land to him for $125," and that he made sundry payments and took therefor the receipts which are set out in the answer.  All this is denied by plaintiff in his replication.  Parol testimony was incompetent to prove the alleged agreement.  *Holler* v. *Richards*, 102, N. C., 545.  The contract alleged in the answer being denied, the defendant must produce legal evidence thereof, and an agreement to convey land cannot be shown by parol proof.  *Allen* v. *Chambers*, 4 Ired. Eq., 125;  *Gulley* v. *Macy*, 84 N. C., 434;  *Bonham* v. *Craig*, 80 N. C., 224.  As the law requires such contract to be in

writing, the writing is not only the best, but the only admissible evidence. *Morrison* v. *Baker*, 81 N. C., 76.

The defendant offered the following paper-writings, which were set out in the answer. To their admission in evidence the plaintiffs excepted:

"CHARLES CRAWFORD.

| | |
|---|---:|
| Land | $125 00 |
| Paid | 61 58 |
| | |
| Balance due | $ 63 42 |

"GILBERT HALE.

"January 1st, 1875."

"$10.68.

"Received of Charles Crawford, ten dollars and sixty-eight cents on account of his land, balance due him in settlement to this date.   GILBERT HALE.

"March 23d, 1876."

These receipts were too vague and indefinite to admit parol testimony to locate the land. *Breaid* v. *Munger*, 88 N. C., 297; *Plummer* v. *Owens*, Busb. Eq., 254; *Capps* v. *Holt*, 5 Jones Eq., 153; *Murdock* v. *Anderson*, 4 Jones Eq. 77. The defendant endeavored to help out the insufficiency of the description by testimony of one Church Moore, which was that Hale had the lines run and chopped, and that Robinson, the surveyor, wrote out a description of the land by direction of Hale, signed the same and delivered it to Hale. This paper has been lost, but admitting proof of its contents as secondary evidence, it was a mere description of the land, with nothing on its face referring to, or connecting it with, the receipts above set out. To connect it with them by parol evidence is inadmissible. *Mayer* v. *Adrian*, 77 N. C., 83; 3 Pars. Cont., 17. If the receipts had been sufficient as

memorandums of a contract to convey, it would have been error formerly to admit them in evidence, after objection, unless registered. *The Code*, § 1245; *White* v. *Holly*, 91 N. C., 67. Whether the same construction will be placed, as between the parties upon a contract to convey, under ch. 147, Acts 1885, which repeals and is substituted for *The Code*, § 1245, we need not now decide.

It was error not to charge the jury, as requested by the plaintiffs, "that the receipts introduced are too indefinite to admit parol testimony to locate the land mentioned therein, and they are no evidence of any contract to convey the land described in the complaint."

The plaintiffs, upon the issues found, tendered a judgment decreeing the plaintiffs to be the owners of the land; that the parol contract was not binding in law; that the defendant recover of the plaintiffs the sum of $115, being the amount found by the jury to have been paid by defendant on the purchase-money, and declaring the same a lien on the land, and that no execution issue for possession of the land till said sum is paid, and directing that rents and profits and value of betterments placed on the land be ascertained by a reference, and that the plaintiffs recover costs. The Court refused to sign this judgment in favor of the defendant, upon which plaintiffs again excepted.

The first issue was improperly submitted, and no legal evidence was offered in support of it. The defendant having pleaded a contract by parol, and plaintiff having denied any agreement, the only issues that could be submitted were as to the amount of the purchase-money paid by defendant, and the value of rents and profits and betterments. The judgment given should be set aside, and the plaintiffs are entitled to have judgment entered below, upon the verdict as rendered, of the tenor of that offered by them, except that defendants are entitled to interest upon the purchase-

money, and that either party is entitled to have the issue as to rents and profits and value of betterments assessed by the jury, instead of by a referee, if they shall so choose. *The Code*, §§ 473–486; *Daniel* v. *Crumpler*, 75 N. C., 184.

Let this be certified that further proceedings be had in conformity with this opinion.

Error.