## CANNADY v. DURHAM.

(Filed November 30, 1904).

1. MUNICIPAL CORPORATIONS — *Streets—Sidewalks—Questions for Jury.*

   In an action against a city for injuries resulting from a defective sidewalk, whether or not the city had established a sidewalk at the point where the accident occurred, was a question of fact.

2. MUNICIPAL CORPORATIONS—*Streets—Sidewalks.*

   A street commissioner of a city has no power to appropriate and take charge of land for a sidewalk for the city.

3. CONTRIBUTORY NEGLIGENCE—*Municipal Corporations— Harmless Error.*

   In an action against a city for injuries from a defective sidewalk an instruction that the plaintiff knew of the dangerous place, if erroneous, is harmless where the further instruction as to the degree of care which the plaintiff should exercise is the same as if the plaintiff did in fact know of the danger.

4. CONTRIBUTORY NEGLIGENCE—*Harmless Error.*

   An erroneous instruction on the issue of contributory negligence is harmless if the jury finds that the plaintiff was not injured by the negligence of the defendant.

   DOUGLAS, J., dissenting.

ACTION by E. W. Cannady against the city of Durham, heard by *Judge C. M. Cooke,* at March Term, 1904, of the Superior Court of Durham County. From a judgment for the defendant, the plaintiff appealed.

*Winston & Bryant,* for the plaintiff.
*Manning & Foushee,* for the defendant.

MONTGOMERY, J. The plaintiff brought this action to recover damages from the defendant, the city of Durham, on account of personal injuries sustained by himself through the alleged negligence of the defendant. In his complaint the plaintiff alleged that the defendant permitted, for an unreasonable time, a branch five or six feet wide and about three feet deep to run across and through the sidewalk on West Pine street and to remain uncovered by a bridge or other device, and that on a dark night, there being no lamp or rail-guard at the point, while going along the sidewalk he fell in and hurt his knee. The defendant in its answer denied that the city had established a sidewalk or walkway at the point where the plaintiff was hurt, and also set up against the plaintiff's cause of action the plea of contributory negligence.

There was no exception made to any part of the evidence. The plaintiff requested twelve instructions. His Honor gave five as they were asked, refused to give three and modified four of them. He gave six special instructions at the request of the defendant and then submitted the charge in chief. The plaintiff excepted specifically to every sentence of his Honor's charge; he excepted to the giving of the six special instructions requested by the defendant and he excepted to the refusal of his Honor to give the plaintiff's three special requests, one, five, twelve, and to the modification of his four requests numbered two, three, four and six.

The exceptions by the plaintiff to everything the Judge said

on the trial has of course caused us to read all that he said to the jury, with care; and after having done so, we think none of his exceptions ought to be sustained; and we think it only necessary to consider two of the questions raised on the appeal: one concerning the instructions given in connection with the evidence bearing on whether or not the city had established a sidewalk at the point where plaintiff was hurt, and the other upon the question of the alleged contributory negligence of the plaintiff.

If the city had established a sidewalk on the west side of Pine street down to the branch a few feet below Hight's house, where plaintiff was hurt, then the plaintiff would have been entitled to instructions one and five, asked by him. Whether or not the city had established a sidewalk at that point was a question of fact to be settled by admission in the answer or by evidence on the trial. In the answer it was denied by the defendant. Several witnesses testified that there had been no conveyance of the land to the city, no condemnation of the land, or any appropriation or control of the same by the city; and several testified that no work had ever been done on the street by the city. The only evidence relied on by the plaintiff to show either appropriation of the strip of land as a street, or that the city had ever had control of it, was the testimony of Elliott and John B. Christian. Elliott said that in 1897 or 1899 he sold the property bordering on Pine street, where the plaintiff was hurt, after having divided it into lots, and that there were no sidewalks there when he sold it, and that the only work the town had ever done was to make a little water-drain or ditch on the sides of the street, and to keep the ditch cleaned out. He said further that after he sold the land on Pine street "the purchasers built upon their lots and that of course made the sidewalk."

The witness Christian said that he had been a street commissioner of the city of Durham for many years; that the

town never laid off any sidewalk on Pine street and had never done any work there from Proctor street, and that the walkway was of the make of the travelers; that the city had built and worked the street at that point. He said he did not remember that either of the street committee had ever visited that part of the city, and that he took his orders from the chairman of the street committee. He said further that when Sam Hight was building his house he was there and directed him to move it back from the sidewalk, because he was building it too near, and that Hight did move it back further from the sidewalk.

The fifth prayer of the plaintiff for special instructions (which his Honor declined to give) was in these words: "If you believe the evidence in this case you will answer the first issue (whether the plaintiff was injured by the negligence of the plaintiff) 'Yes.'" That instruction was based on the testimony of Christian that he ordered Hight when he was building his house to move it back from the sidewalk and that Hight obeyed the order; and upon the plaintiff's testimony that while walking along the smooth even walk just south of Hight's house on his way home he stepped into the branch, the bank of which was perpendicular on his side, and hurt his leg. The contention is that Christian, the street commissioner, was acting for the city of Durham, and also that as street commissioner he had the power to appropriate and take charge of the land for a sidewalk for the city. We cannot admit that any such powers reside in a street commissioner.

The first prayer for instructions asked by the plaintiff (which was declined by his Honor) was in these words: "It was the duty of the city of Durham to repair the streets and sidewalks of the city and to make and keep them reasonably safe and convenient for persons traveling to and from on them." The plaintiff insisted that that instruction should have been given, for the reason that it was alleged in the com-

plaint that the city had established a sidewalk on the west side of Pine street down to the point where he was hurt, and that that allegation was not denied in the answer. Upon a reading of the answer it must be admitted that the defendant was very cautious in the wording of its denial. In fact it may be said that it was ingeniously done, but still effectively so. As we have said, the main question of fact in the case was whether or not the defendant had established and assumed control of the ground where the plaintiff was hurt as a street. It was denied in the answer, and there was evidence that it had not been so established or appropriated. His Honor submitted that question fairly to the jury with proper instructions on the law as to the effect of their finding, as the following parts of his charge will show.

The plaintiff asked his Honor to instruct the jury: "If you find from the evidence that the defendant permitted the sidewalk on the west side of Pine street, within the corporate limits of the city, to remain without any bridge or covering over a branch five or six feet wide and three feet deep, without a guard or rail, and that the north embankment of the branch was perpendicular or about so, and that defendant failed to light the same, and permitted such conditions to exist for several years, this would be negligence; and if this was the proximate cause of the injury to plaintiff you will answer the first issue 'Yes.'" In line with that instruction he told the jury: "If you find from the evidence that defendant had established the sidewalk, or that it had been used as a walkway for a considerable time with the knowledge of defendant, and that defendant had assumed control over it on the west side of Pine street within the corporate limits of the city, and defendant permitted the same to remain without a bridge or covering over a branch five or six feet wide and three feet deep, without a board or rail, and that the north embankment of the branch was perpendic-

ular or about so, and that defendant failed to light the same, and permitted such conditions to exist for several years, this would be negligence; and if this was the proximate cause of the injury to plaintiff, you will answer the first issue 'Yes.' " He further instructed the jury that "If you find from the evidence that there was a side or walkway used with the knowledge of the defendant for a considerable time, and that defendant had exercised any control over the sidewalk and failed to place a bridge or other covering over the place where plaintiff alleges he was injured, that it was not lighted and remained in this condition for an unreasonable length of time, this would be negligence, and if it caused plaintiff's injury you will answer the first issue 'Yes.' " On the question of the alleged contributory negligence of the plaintiff, the Court gave at request of defendant the following instruction: "If the jury believe the evidence of plaintiff he well knew of the branch, of its location and dangerous character of the passway over the bridge traveled by foot passengers; that he had for two months frequently and almost daily traveled Pine street, and was familiar with the location of the houses on the street, and where the sidewalk turned into the street and proceeded across the bridge; that he had seen and observed the danger of the branch for about two months almost daily; then the plaintiff was bound to act upon his information. and use ordinary care and prudence in shielding and protecting himself from what he knew to be a menacing danger to every one who passed near it, and if the jury shall find that the defendant failed to exercise ordinary care, the jury will answer the second issue 'Yes.' " The plaintiff had testified that whenever he had been near where he was hurt he had turned off the sidewalk about five feet from the branch and just before reaching the branch had walked along the edge of the street and crossed the branch on the bridge just as other people did; and that before he

CANNADY *v.* DURHAM.

was hurt he made one trip a day for a week and two or three times a week for the balance of the time. He said further that he had never been along there in the night before and that he did not remember ever noticing the place at the branch before he was hurt. The objection of the plaintiff to the instruction was that the Court stated in substance that the point where the plaintiff was hurt was, to the knowledge of the plaintiff, a dangerous place and that that was in direct contradiction of the plaintiff on this point, he having stated in his examination that he did not remember to have noticed the place where he was hurt before that occasion. We cannot see how the plaintiff's case was hurt by the instruction. The degree of care which his Honor laid down as the rule of conduct to be observed by the plaintiff when he failed to turn off from the branch where he was hurt and to follow the path over the bridge on the street, was exactly and precisely the same degree of care which his Honor should have instructed the jury that the plaintiff was to observe on account of the plaintiff's knowledge of the size and depth of the stream and the avoidance of it by himself and others in going along that way. It is to be observed that the plaintiff did not say that he mistook his way and went to the branch, and that he intended to turn off where he usually did but that the darkness of the night and the want of a light prevented him from doing so. He simply said that he followed the sidewalk. But even if the instruction had been a substantial error it was harmless because the jury had found that the plaintiff was not hurt by the defendant's negligence.

No Error.

DOUGLAS, J., dissents.