### JAMES J. BAILEY v. CLAUDE D. JUSTICE ET AL.

(Filed 12 December, 1917.)

**1. Appeal and Error—Presumptions—Instructions—Record—Trials.**

The appellant must show error in the trial of the case in the Superior Court, and where, in an action involving the title to land claimed by him under a tax deed, the judge has instructed the jury to answer the issue against him, for insufficiency of evidence to locate the land, the judgment will be affirmed if the record does not show the evidence upon which the instruction was based.

**2. Appeal and Error—Assignments of Error—Objections and Exceptions.**

An assignment of error, to be considered on appeal, must be based upon an exception previously taken and appearing in the record.

CIVIL ACTION, tried before *Shaw, J.,* and a jury, at March Term, 1917, of BUNCOMBE.

The action was brought to recover the possession of land, and the following verdict was returned by the jury:

1. Is the plaintiff James J. Bailey the owner of lot B and C on the court map, as alleged in the complaint, or any part thereof, and if so, what part? Answer: Yes, one-fourth undivided interest in lots B and C.

2. Is the plaintiff James J. Bailey the owner of lot D on the court map, as alleged in the complaint, or any part thereof, and if so, what part? Answer: Yes, one-fourth undivided interest in lot D.

3. What damage, if any, is the plaintiff James J. Bailey entitled to recover of the defendants W. T. and C. D. Justice? Answer: None.

4. Is the defendant W. T. Justice the owner of the land sued for, to-wit, B, C, and D, or any interest therein, and if so, what interest? Answer: Yes, one-fourth undivided interest in said lots.

5. What damage, if any, is the defendant W. T. Justice entitled to recover of the plaintiff? Answer: None.

6. What interest, if any, has Ailsey McKesson, *alias* Ailsey O'Neil, in lots B, C, and D above referred to? Answer: One-fourth undivided interest.

7. What interest, if any, have the children of Charlotte Scales in lots B, C, and D above referred to? Answer: One-fourth undivided interest.

8. What interest, if any, has Jones Bailey or his children in lots B, C, and D above referred to? Answer: None.

Judgment was entered thereon, and W. T. Justice appealed, the other appellant, Claude D. Justice, having abandoned his appeal.

*J. Scroop Styles and Mark W. Brown for plaintiff.*
*George A. Shuford and Ernest G. Mick for defendants.*

WALKER, J., after stating the case: It appears in the record that the appellant claimed a one-fourth interest in each of the lots B, C, and D as a tenant in common, but he also claimed that he had purchased the entire interest in lot D at a tax foreclosure sale. He recovered the one-fourth interest claimed by him, as the verdict and judgment will show, but the presiding judge was of the opinion, and so held, that he had not offered evidence sufficient to locate the land bought by him at the tax foreclosure sale. It does appear by a record of the suit of J. Mooney v. Rebecca Bailey and others, who are the heirs of James Bailey, Sr., that he bought certain land which the commissioner appointed by the court in that case had sold to foreclose a tax purchase by the plaintiff Mooney, the land bought by him being described in the complaint in that action, but, as stated, the court ruled, and so instructed the jury, that there was no proof to show where the land is situated, or whether it was lot D or a part of that described in the complaint, the language of the court being, "There was no sufficient evidence to locate said tract"; that is, the land described in the record of the Mooney suit or in the commissioner's deed, and as the evidence has not been sent to this Court, we are, of course, unable to say whether or not this ruling was correct, or, in other words, whether there was such evidence. We must see the evidence before we can say whether it tended to locate the land or identify it as

lot D and a part of the land described by the plaintiff in his complaint.

This Court does not presume error in the proceedings below, but he who alleges it must show it affirmatively on the record. The presumption always is that the ruling of the judge is correct, and it will be sustained unless prejudicial error appears. *Todd v. Mackie,* 160 N. C., 357; *In re Smith's Will,* 163 N. C., 466, and *Univ. Oil & F. Co. v. Burney,* at this term (93 S. E., 912).

Applying this rule of appellate courts in *S. v. Smith,* 164 N. C., 479, and *Warren v. Susman,* 168 N. C., 464, we sustained rulings of the Superior Courts because we did not know, in the one case, the nature of the evidence, and, in the other, the allegations of a pleading in regard to which the exceptions were taken and which were necessary to be known in order to determine whether or not there was error. We merely presumed the correctness of the proceedings below because we could not see any error in them as it was not made to appear. So here we cannot say whether there was proof as to the location of the land because the evidence is not in the record.

We need not consider the other question, as to the purchase of the land at the tax sale, for it becomes immaterial if the land was not located, and the jury were instructed that it had not been and found accordingly.

We have considered only what is in the case, and not what is in the assignments of error, unless based upon exceptions taken at the trial. An assignment of error is of no avail unless it rests upon an exception previously taken and appearing in the record. *Todd v. Mackie,* 160 N. C., 352; *Worley v. Logging Co.,* 157 N. C., 490; *Allred v. Kirkman,* 160 N. C., 392.

Our decision on the other question renders immaterial the other exceptions.

No error.