J. P. QUELCH, ADMINISTRATOR, ET AL., v. D. K. FUTCH.

(Filed 22 December, 1917.)

1. **Deeds and Conveyances—Interpretation—Intent—Reference for Description.**

> As to the construction of a deed referring to a former deed for description, giving effect to its intent, transposing its parts if necessary, etc., see *S. c.,* 172 N. C., 316.

2. **Appeal and Error—Objections and Exceptions—Instructions.**

> Exception taken to a part of the charge to the jury which contains both correct and incorrect instructions will not be considered on appeal.

3. **Appeal and Error—Evidence—Harmless Error.**

> The admission of evidence which is harmless will not be held for reversible error.

4. **Evidence—Deceased Persons—Interest.**

> Testimony of a party interested of transactions or communications with a deceased person is properly excluded under Revisal, sec. 1631.

5. **Appeal and Error—Substantial Error—Burden of Proof.**

> The burden is upon appellant to show substantial error on appeal.

APPEAL by defendant from *Bond, J.,* at the February Term, 1917, of NEW HANOVER.

*Kenan & Wright and McClammy & Burgwin for plaintiff.*

*John D. Bellamy & Son, W. P. Gafford, and E. K. Bryan for defendant.*

PER CURIAM: We have carefully examined this case and find that there is no reversible error.

This case was before the Court at Fall Term, 1916, 172 N. C., 316. We held at that time as follows:

"We have in the deed in question a description by metes and bounds, in which the land in controversy is not conveyed, and also a description which refers to another deed duly recorded by book and page which gives a definite description covering the land in controversy.

"It must be admitted that if the first or specific description entirely is eliminated from the deed, according to the evidence, the second or general description is sufficient and covers the land described in the complaint. It matters not that the last description follows the warranty. The whole deed must be so construed as to give effect to the plain intent of the grantor, and the parts of the deed will be transposed if necessary. *Triplett v. Williams,* 149 N. C., 394; 13 Cyc., 627. The entire description in a deed should be considered in determining the identity of the land conveyed. Clauses inserted in a deed should be

regarded as inserted for a purpose, and should be given a meaning that would aid the description. Every part of a deed ought, if possible, to take effect, and every word to operate. A reference to another deed may control a particular description, for the deed referred to for purposes of description becomes a part of the deed that calls for it. 13 Cyc., 632; *Brown v. Ricaud,* 107 N. C., 639; *Everett v. Thomas,* 23 N. C., 252."

That must stand as the law of this case, and it is the correct principle applicable to the deed which was then construed.

This action was brought to recover two tracts of land. Plaintiff recovered judgment for the tract now in question, and defendant appealed. The defendant recovered the other tract, and plaintiff appealed. We affirmed the judgment. *Quelch v. Futch,* 174 N. C., 395.

There are numerous exceptions in this appeal, but we do not think any of them requires a reversal of the judgment. In at least one instance an exception is taken to a part of the charge embracing several propositions, one of which is correct in law, and we have held that when this occurs the exception fails. *Savings Bank v. Chase,* 151 N. C., 108; *Bost v. Bost,* 87 N. C., 477; *Ins. Co. v. Sea,* 21 Wallace (U. S.), 158; *S. v. Ledford,* 133 N. C., 714; *R. R. v. Mfg. Co.,* 169 N. C., 156, 169.

The other exceptions to the charge are without merit.

The requests for instructions, which were not granted by the court and made a part of its charge to the jury, were properly refused.

As to the questions of evidence, if the answers of the witness J. T. Kerr were incompetent, which is not admitted, we cannot see that they were more than harmless; and it appears that the witness W. E. Worth was interested in the result of the action, and was, therefore, disqualified as a witness under Revisal, sec. 1631. The other exceptions are without any merit.

It appears that the real question in the case was one of fact, and the jury, under the evidence and instructions of the court, decided the fact in issue against the defendant as to the tract now being considered, and with him as to the other tract. The burden is upon the appellant to show clearly that there is substantial error, and he must have been prejudiced by it. This does not appear.

No error.