Motion in the cause heard October Term, 1919, Superior Court New Hanover County, Allen, J. This action was brought against D. K. Futch and not against Hannah T. Futch. The cause came to this Court and the final decree entered 174 N.C. 395; 175 N.C. 694. After the final judgment was entered the plaintiff issued the summons against Hannah T. Futch, wife of D. K. Futch, seeking to continue the action of ejectment and to recover a judgment against her. The defendant respondent, Hannah T. Futch, moved to dismiss the action as to herself because she had been brought in after the final decree had been entered, and that the plaintiff's remedy was by bringing a separate action against her, whereupon the court made the following order:
"This cause coming on to be heard before his Honor, Oliver H. Allen, Judge presiding, at the October Term, A. D., 1919, of the Superior Court *Page 692 
of New Hanover County, and at the conclusion of the reading of the pleadings in this cause the plaintiffs made a motion to dismiss the action as to D. K. Futch upon the ground that the action was at an end as to him for the reason that a final judgment had heretofore in this cause been entered as to him, from which judgment he appealed to the Supreme Court, and upon the appeal the Supreme Court affirmed the judgment of the lower court, and that upon the coming down of the opinion from the Supreme Court the judgment was entered against D. K. Futch according to the certificate from the Supreme Court, as appears of record in this cause, and for judgment striking out the defendant Hannah T. Futch's answer, and for judgment against her for the failure to file a defense bond as required by the statute, and for judgment against Hannah T. Futch on the pleadings because as a matter of law Hannah T. Futch was bound by the judgment against her husband, D. K. Futch, heretofore entered in this cause, and the defendant Hannah T. Futch having made a motion to dismiss this action as against her because the plaintiff had filed no prosecution bond as required by law, and that upon her answer on the record it appeared that she had been made a party defendant to this action after the action had finally terminated, it having originally been brought against her husband, and upon the further ground that from the defendant's answer it appeared that she had equities and raised issues between herself and her husband, and that Hannah T. Futch was wrongfully made a party defendant to this action;
"And the court being of opinion, at the conclusion of all the argument and readings of the record in this cause, that Hannah T. Futch was improvidently made a party to this action, and that the action should be dismissed as to her, and that it would be more conducive to an orderly trial of all the matters in dispute between the parties if this action is dismissed as to Hannah T. Futch without prejudice to the rights of any of the parties hereto to bring and prosecute a new action if the plaintiffs so desire:
"It is, therefore, ordered, adjudged, and decreed by the court that this action be and the same is hereby dismissed as to Hannah T. Futch, without prejudice to the rights of the plaintiffs to bring a new action against the said Hannah T. Futch and her husband, D. K. Futch, if they so desire, or against either one or the other of them; and that the defendant Hannah T. Futch and D. K. Futch recover of the plaintiffs the costs of this action incurred since the said Hannah T. Futch was made a party thereto.
"It is further ordered and adjudged by the court that the said Hannah T. Futch may, if she so desires, bring and prosecute her action against her said husband without being prejudiced by this order, and *Page 693 
this judgment is to be entered as a final judgment in this case, and the case is ordered stricken from the docket of this court. Defendant's motion was made first and allowed; plaintiff's motions were not passed on. Plaintiff allowed to file prosecution bond.
 O. H. ALLEN, Judge Presiding.
From the foregoing judgment, the plaintiff having excepted, appealed to the Supreme Court.
The order of his Honor, Judge Allen, is itself a full statement of the point at issue.
We think the order made by his Honor is entirely correct and the same is
Affirmed.