### KATE P. STEWART v. R. W. DIXON.

(Filed 7 January, 1949.)

**1. Trial § 31b: Appeal and Error § 39f—**

In this action for assault, the battleground was the credibility of plaintiff's testimony, defendant not having gone upon the stand or offered his answer in evidence. The court inadvertently charged that defendant said and contended he had not assaulted plaintiff and that he had denied same in his answer. *Held:* Construing the charge contextually and in the light of the evidence on plaintiff's appeal, the inadvertence did not amount to reversible error.

**2. Appeal and Error § 38—**

The burden is on appellant not only to show error but that the error was material and prejudicial to appellant's cause.

APPEAL by plaintiff from *Morris, J.,* May Term, 1948, of ALAMANCE. No error.

*P. W. Glidewell, Sr., for plaintiff, appellant.*

*W. D. Barrett and Thomas C. Carter for defendant, appellee.*

DEVIN, J. Plaintiff's action for damages for an alleged assault and battery was defeated below by the adverse verdict of the jury. The triers of the facts gave a negative response to the primary issue raised by the pleadings: "Did the defendant wrongfully assault the plaintiff as alleged in the complaint?" From judgment on this finding the plaintiff appealed, assigning errors in the rulings of the trial judge which she contends were prejudicial to her cause.

The plaintiff's exceptions to the admission of certain testimony elicited on cross-examination for the purpose of impeachment we find on examination are of insufficient consequence to warrant a new trial. These may be dismissed without elaboration. But a more troublesome matter is presented by plaintiff's exception to the following instruction given by the court to the jury: "He (the defendant) says and contends in this cause he is denying the assault, he says and contends that while it is alleged in the complaint he committed an assault, he denied the same in his answer." The vice of this instruction lies in the fact that the defendant had not gone upon the stand or testified in his own behalf, nor had the allegations in his answer been offered in evidence. His failure to testify was a matter of legitimate comment by plaintiff's counsel before the jury, and she contends that the effect of the court's instruction was to answer counsel's argument on this point, and to strengthen defendant's defense. *Cuthrell v. Greene, ante,* 475.

24—229

It is apparent that the court in thus stating the contentions of the defendant inadvertently referred to the contents of defendant's answer, and presented his defense in this respect in an unduly favorable light. But the court immediately following this instruction, and in the same connection, stated that the defendant contended the jury should not accept the plaintiff's testimony or consider it of sufficient probative force to induce a finding by the preponderance of the evidence in her favor.

Upon consideration of the whole case we doubt the instruction complained of improperly influenced the verdict. Here the battleground was the credibility of the plaintiff's testimony. The question at issue was not the strength of defendant's defense but whether the plaintiff's testimony was such as to induce belief. The reliability of her testimony was impeached to some extent on cross-examination, and six witnesses testified her general character was not good. While there was other testimony *contra,* the question presented to the jury for determination was whether the plaintiff had successfully carried the burden of proof on the issues raised by the pleadings and shown she had been assaulted. The decision was for those who heard the witnesses and observed their demeanor on the stand.

In this view we think the statement of the trial judge excepted to was without harmful effect upon the real merits of the case. It is incumbent upon the appellant not only to show error in the ruling of the trial court but also that the error complained of was injurious to her cause, and that but for such ruling a different finding on the facts would have resulted. *S. v. Beal,* 199 N. C. 278 (303), 154 S. E. 604; *Collins v. Lamb,* 215 N. C. 719, 2 S. E. (2) 863; *S. v. Davis, ante,* 386, 50 S. E. (2) 37.

We conclude that the result reached below should not be disturbed.

No error.