MRS. RICHARD CALL, ADMINISTRATRIX OF GENIE LOUISE CALL, v. PHILLIP S. STROUD AND WIFE, MRS. PHILLIP STROUD.

(Filed 11 October, 1950.)

**1. Appeal and Error § 38—**

The burden is upon appellant to show error of law or legal inference and also that such error was prejudicial, which imports a reasonable probability that the result of the trial would have been materially more favorable to him if the error had not occurred.

**2. Automobiles § 17—**

The charge of the court in this case as to the duty of a motorist to avoid injuring children whom he sees, or by the exercise of reasonable care should see, on or near the highway, *held* without error.

**3. Appeal and Error § 39b—**

The submission to the jury of an issue of fact not warranted by both the pleadings and the evidence, even though error, will not entitle appellant to a new trial when it appears that the answer to a previous issue determined the rights of the parties and that the jury did not answer the issue objected to because the answer to the previous issue had rendered it immaterial.

**4. Appeal and Error § 39l—**

On the issues submitted to the jury the court inadvertently left notations made by it which the court had placed thereon to guide it in its

charge, the words noted being "burden," "negligence," "proximate cause," "contributory negligence," and the like. Upon poll, each juror asserted that the notations did not affect his determination of the issues. *Held:* The matter did not constitute prejudicial error.

**5. Trial § 6—**

The trial court should not express opinion upon matters before jurors whom it proposes to poll in regard to such matters.

APPEAL by plaintiff from *Crisp, Special Judge,* and a jury, at the June Term, 1950, of WILKES.

Civil action for damages for death by wrongful act. G.S. 28-173.

The plaintiff, Mrs. Richard Call, Administratrix of Genie Louise Call, alleged that her intestate, a child of the age of six years, was killed on a public highway in Wilkes County by the actionable negligence of the defendants, Phillip S. Stroud and his wife, Mrs. Phillip Stroud, in the operation of a motor truck. The defendants answered, denying actionable negligence on their part, and pleading contributory negligence on the part of Richard Call and Mrs. Richard Call, the parents of the decedent. The parties offered evidence at the trial for the avowed purpose of sustaining their respective allegations. The action was dismissed upon a compulsory nonsuit as to the *feme* defendant without objection by the plaintiff, but proceeded to a jury verdict as to the male defendant. The court submitted these three issues to the jury: (1) Was Genie Louise Call killed by the negligence of the defendant, as alleged in the complaint? (2) Did Richard Call and Mrs. Richard Call, by their own negligence, contribute to the death of the said Genie Louise Call? (3) What amount, if any, is the plaintiff entitled to recover of the defendant? The jury answered the first issue "No," and left the second and third issues unanswered. The court rendered judgment on the verdict exonerating the male defendant from liability to the plaintiff, and the plaintiff appealed, assigning the matters hereinafter mentioned as error.

*Hayes & Hayes and Larry S. Moore for plaintiff, appellant.*

*Trivette, Holshouser & Mitchell for defendant, Phillip S. Stroud, appellee.*

ERVIN, J. A party who comes into the Supreme Court seeking relief from a judgment of the Superior Court must allege and show these two things: (1) That the judge of the Superior Court committed an error in a matter of law or legal inference; and (2) that such error affected prejudicially a substantial right belonging to him. An error cannot be regarded as prejudicial to a substantial right of a litigant unless there is a reasonable probability that the result of the trial might have been mate-

rially more favorable to him if the error had not occurred. *Stewart v. Dixon,* 229 N.C. 737, 51 S.E. 2d 182; *Shelly v. Grainger,* 204 N.C. 488, 168 S.E. 736; *Thigpen v. Trust Co.,* 203 N.C. 291, 165 S.E. 720; *Rudd v. Casualty Co.,* 202 N.C. 779, 164 S.E. 345; *Butner v. Whitlow,* 201 N.C. 749, 161 S.E. 389; *Carstarphen v. Carstarphen,* 193 N.C. 541, 137 S.E. 658; *Perry v. Surety Co.,* 190 N.C. 284, 129 S.E. 721; *McNinch v. Trust Co.,* 183 N.C. 33, 110 S.E. 663; *In re Edens,* 182 N.C. 398, 109 S.E. 269; *Quelch v. Futch,* 175 N.C. 694, 94 S.E. 713; *Bailey v. Justice,* 174 N.C. 753, 94 S.E. 518.

When the exceptions reserved by the plaintiff are laid alongside this practical and sensible rule of appellate procedure, it becomes clear that the judgment of the trial court cannot be disturbed.

The exceptions to portions of the charge on the first issue are untenable; for it does not appear that the judge erred in them. The instructions on this feature of the case do not merit the criticism voiced by plaintiff that the court failed to charge the jury in respect to the duty of a motorist to exercise due care to avoid injuring children whom he sees, or by the exertion of reasonable care could see, on or near the highway. *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488.

We will consider together the exception to the submission of the second issue, and the exceptions to the portions of the charge thereon. It is an undoubted rule of appellate practice in this jurisdiction that the submission to the jury of an issue of fact not warranted by both the pleadings and the testimony constitutes reversible error if prejudice results to the objecting party. *Fortesque v. Crawford,* 105 N.C. 29, 10 S.E. 910. For the purpose of this particular appeal, we assume, without so deciding, that there was no evidence at the trial justifying the submission of the second issue, and that the instructions of the court to the jury on that issue were erroneous. Nevertheless, the present record compels the conclusion that the errors of the court in submitting the second issue and in giving the jury incorrect instructions thereon did not affect prejudicially any substantial right of the plaintiff. The jury did not consider the issue improperly submitted, or make any finding thereon. The verdict on the first issue, *i.e.,* that the male defendant was not guilty of any actionable negligence, necessarily required that judgment be entered against the plaintiff, and rendered the issue of contributory negligence and the instructions thereon immaterial. *Wyatt v. Raleigh,* 172 N.C. 847, 90 S.E. 213; *Bank v. Wilson,* 168 N.C. 557, 84 S.E. 557; *Cannady v. Durham,* 137 N.C. 72, 49 S.E. 50.

The trial judge made dim memorandums in pencil on the paper containing the issues to facilitate the delivery of his charge to the jury. He noted the words "burden," "negligence," and "proximate cause" on the margin beside the first issue; the words "burden," "contributory negli-

gence," and "opinion" on the margin beside the second issue; and the words "burden" and "measure of damages" on the margin beside the third issue. The notation "opinion" was designed to remind the judge to read to the jury at the appropriate time a pertinent excerpt from a reported judicial decision.

When he completed his charge and handed the paper containing the issues to the jury, the judge inadvertently failed to erase the memorandums. In consequence, the jury necessarily took the notations with it to the jury room. Upon the return of the jury to the courtroom with the first issue answered in the negative, counsel for the plaintiff observed the memorandums on the paper containing the issues, and objected to the receipt of the verdict on that ground. The judge then made this statement to counsel for plaintiff in the presence of the jury: "I don't think they had anything to do with the verdict of the jury. We can poll the jury, if you desire, to see whether that had any effect upon the verdict." Pursuant to the order of the judge, the clerk asked each juror whether the notations appearing on the paper containing the issues had anything to do with his verdict, and each juror assured the court that they did not. The court thereupon received and recorded the verdict, and the plaintiff noted two exceptions, one to the receipt of the verdict and the other "to the polling of the jury in the foregoing manner."

These exceptions are insupportable; for the record affirmatively shows that the presence of the memorandums on the paper containing the issues did not influence the jury in arriving at its verdict. Indeed, the indifferent character of the notations negatives the possibility of any prejudice to any party to the litigation. See in this connection: *Gooding v. Pope,* 194 N.C. 403, 140 S.E. 21; *Posey v. Patton,* 109 N.C. 455, 14 S.E. 64.

The statement of the judge that he did not think that the memorandums "had anything to do with the verdict of the jury" is not the subject of an exception, and does not fall under the ban of the statute embodied in G.S. 1-180 forbidding a judge to express an opinion whether a fact in issue is fully or sufficiently proven. Nevertheless, we deem it not amiss to recommend that judges refrain from expressing opinions upon matters before jurors whom they propose to poll in regard to such matters.

The exception to the denial of the motion for a new trial and the exception to the judgment are formal in nature and require no discussion.

For the reasons given, we find that there is in a legal sense

No error.