T. L. GARLAND v. HEATH PENEGAR, TRADING AND DOING BUSINESS AS PENEGAR MOTOR COMPANY.

(Filed 30 April, 1952.)

**1. Automobiles § 6f—**

Evidence tending to show that the dealer represented the car to be in good condition and that it was a "new demonstrator" driven only a thousand miles, but that in fact the car had been sold to a person who drove it eight thousand miles and then turned it back to the dealer, and that it was not in good condition, *is held* sufficient to be submitted to the jury on the issue of actionable fraud and deceit in the sale of the car.

**2. Appeal and Error § 39f—**

In an action for fraud in the sale of an automobile, error in the charge in failing to specifically instruct the jury that the measure of damages is the difference between the real value of the car at the time it was purchased and the value it would have had if it had been as represented, *held* not prejudicial in view of the fact that the parties agreed as to the value of the car if it had been as represented, and the fact that the rule for the measurement of damages was properly given in stating the contentions and was apparently fully understood by the jury.

**3. Appeal and Error § 38—**

Appellant has the burden not only of showing error but that the alleged error was prejudicial.

APPEAL by defendant from *Clement, J.,* November Term, 1951, of MECKLENBURG. No error.

This was an action to recover damages for fraud in the sale of an automobile.

Plaintiff alleged and offered evidence tending to show that the defendant, an automobile dealer, falsely and fraudulently represented that the automobile then being sold him was a "new demonstrator," that it had been driven only 1,000 miles as the speedometer apparently indicated, and that the automobile was in perfect condition. Plaintiff testified that instead of being as represented the automobile was not a new one but had been previously sold to another person who drove it 8,000 miles and then turned it back to the defendant. Plaintiff also testified the automobile was not in good condition, and that he had incurred trouble and expense in repairs.

It was stipulated at the trial that the sale price of the automobile in question was $2,434.60. Plaintiff testified the fair market value of the automobile in the condition it was when he bought it was $1,800. He further testified that it was by accident he discovered the automobile had been previously sold and driven 8,000 miles.

The defendant denied the allegations of fraud and offered evidence in contradiction of plaintiff's claim.

On issues submitted the jury returned verdict for plaintiff, finding that defendant made the false and fraudulent representations alleged, and that plaintiff was induced thereby to purchase the automobile, and assessed damages therefor in the sum of $634.60.

On plaintiff's second cause of action as to defendant's charges for certain automobile parts and labor, the verdict was in favor of the defendant.

From judgment on the verdict defendant appealed.

*Shannonhouse, Bell & Horn for plaintiff, appellee.*

*J. C. Sedberry for defendant, appellant.*

DEVIN, C. J.   It is apparent from an examination of the record that the plaintiff offered sufficient evidence to carry the case to the jury on the issue of actionable fraud and deceit, and that defendant's motion for judgment of nonsuit was properly denied.   *Whitehurst v. Ins. Co.,* 149 N.C. 273, 62 S.E. 1067; *Ward v. Heath,* 222 N.C. 470, 24 S.E. 2d 5; *Gray v. Edmonds,* 232 N.C. 681, 62 S.E. 2d 77.

The defendant assigns error in the court's charge to the jury, particularly on the issue of damages.   It is urged that the court failed properly to instruct the jury as to the measure of damages and failed to apply the rules of law applicable to the evidence in the case as required by G.S. 1-180.   While the form and manner in which the instructions were given were open to criticism, we are unable to reach the conclusion that the defendant was prejudiced thereby.   We gather the impression from reading the court's charge as set out in the record, and the jury's response thereto, that they sufficiently understood that the measure of damages was the difference between the real value of the automobile as and when purchased and the value it would have had if it had been as represented. *May v. Loomis,* 140 N.C. 350, 52 S.E. 728; *Kennedy v. Trust Co.,* 213 N.C. 620, 197 S.E. 130; *Hutchins v. Davis,* 230 N.C. 67, 52 S.E. 2d 210. It was stipulated that the sale price of the automobile was $2,434.60, and the plaintiff testified its market value—its real value—in the condition it was when he purchased it was $1,800.   The jury accepted the plaintiff's estimate and wrote in answer to the issue $634.60.

While the rule for the admeasurement of damages for fraud in the sale of personal property should have been given as a specific charge, yet when it was stated with substantial accuracy as a contention, and was apparently fully understood and acted upon by the jury, we are unable to perceive resultant harm to the defendant, or that the verdict was improperly influenced.   The burden is upon the appellant not only to show error but also to make it appear that the result was materially affected thereby to his hurt.   *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342; *Stewart v. Dixon,* 229 N.C. 737, 51 S.E. 2d 182; *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863.

The defendant noted exception to the statement by the court in his charge to the jury that the plaintiff said the market value of the car "if it had been as he thought it was when he bought it" was $2,434.60.   This exception is without merit.   The court was not stating the rule for the measure of damages but reciting the testimony of the plaintiff.   Besides the figures $2,434.60 seem to have been agreed to.

After an examination of the entire record we reach the conclusion that no sufficient grounds have been shown to disturb the result of the trial.

No error.