N. E. GOODE, SR, ADMINISTRATOR OF THE ESTATE OF N. E. GOODE, JR., v. KENNETH H. BARTON AND DOUGLAS WILLIAM BARTON.

(Filed 4 November, 1953.)

**1. Pleadings § 22c—**

A motion to amend after time for answering has expired is addressed to the discretion of the trial court, and the court's ruling thereon will not be reviewed on appeal unless a prejudicial abuse of discretion is clearly shown.

**2. Appeal and Error § 38—**

The burden is upon appellant to show error clearly and that such error was material, as the presumption is against him.

**3. Automobiles § 20a—**

In an action by the personal representative to recover for the wrongful death of his intestate, killed while a passenger in defendant's car, assump-

tion of risk is not available as a defense, since there was no contractual relationship between the parties.

**4. Automobiles § 25—**

Liability under the family purpose doctrine in this State is not confined to the owner or driver but depends upon use and control, and therefore asserted error in the court's statement of the contentions that the car was bought with funds of the father, rather than funds of his son, is immaterial when the record shows that the license for the car was issued in the name of the father and that he had control of its use.

**5. Same: Courts § 14—**

Where the accident causing the death of plaintiff's intestate occurs in this State, the court correctly applies the family purpose doctrine as enunciated here rather than as obtaining under the laws of the state of the residence of defendant, since the matter is governed by the *lex loci*.

**6. Automobiles §§ 8j, 18i: Negligence § 20—**

The statement by the court of the doctrine of sudden emergency will not be held for error as confining the application of the doctrine to emergencies resulting from the negligence of another when such limitation occurs in one instance only in the charge and in other portions of the charge the doctrine is correctly and accurately stated.

**7. Appeal and Error § 39a—**

A new trial will not be awarded for mere technical error, but appellant must show that the error complained of was material so that there is a reasonable probability that the result of the trial was prejudicially affected.

APPEAL by the defendants from *Phillips, J.,* June Civil Term, 1953. BUNCOMBE. No error.

This is a civil action for damages for the death of plaintiff's intestate caused by the alleged negligence of the defendants.

This is a statement of the material facts. On 22 November 1950, plaintiff's intestate, N. E. Goode, Jr., the defendant Kenneth H. Barton, and Fred Matthews, students at the University of North Carolina, left Chapel Hill in a Chevrolet automobile registered in New Jersey in the name of the defendant Douglas William Barton, for a trip to Asheville. The day after Thanksgiving there had been a severe ice and snowstorm all over middle and eastern North Carolina and in the Asheville area. These three young men left Asheville about 9:00 a.m. the following Sunday to return to Chapel Hill. Matthews drove the automobile to Mocksville. The weather was clear, the sun shining, and the temperature around freezing. In Mocksville Kenneth Barton took the wheel, and was driving at the time N. E. Goode, Jr., received his fatal injuries. Goode was sitting in the middle and Matthews to his right. In Mocksville the highway was "not too clear, not frozen, just slushy." The country-side was covered with snow, and ice and snow were along the

shoulders of the highway between Mocksville and the scene of the wreck. The highway from Mocksville east to the place of the wreck and prior to it, had two low and shady places, where there was very slick glazed ice on the highway. The last icy space was about a quarter of a mile away from the scene of the wreck..

At a point about 3½ miles east of Mocksville on Highway #64, just beyond the crest of a hill and in a shaded downhill left-hand curve, the car entered on a glazed sheet of ice about 300 yards long across the highway, skidded on the ice, left the highway on the right-hand side and proceeded down a steep embankment into a ravine. The car was lying about 150 feet from the pavement. The grade going East at the scene of the wreck is a pretty good down-hill grade, and a medium left turn. The ice extended from about the bottom of the hill, up the hill and around the curve, pretty nearly to the crest of the hill. Fred Matthews, a witness for the defendants, testified "when we got to the top of the hill, I saw the ice 50 to 100 feet away." The tracks of the car showed it traveled off the pavement to a bank on the left, then across the pavement to a bank on the right, then along the latter bank 115 feet, then it hit a large rock, and went on for a further distance of about 60 feet. It turned over one or more times before it came to rest. Plaintiff's intestate was found in the car seriously injured, and died about 12 hours later.

Thomas A. Rice, a witness for plaintiff, went down the embankment to the wreck. He found Barton and Matthews outside the car, and Goode, unconscious, inside. He asked Barton and Matthews what caused the wreck. They replied they were driving too fast.

Walter R. Sawyer, a State Patrolman, who was the plaintiff's witness, saw Barton and Matthews in a hospital in Salisbury. Both appeared to be normal mentally. Kenneth H. Barton said he was driving the automobile at the time of the wreck; and just as he came over a little knoll on the hill, he ran over some ice. He guessed he was driving too fast to control the car when he ran into the ice. He said he was driving approximately 55 miles an hour. Fred Matthews heard the conversation, and said that was about right. Matthews further said that about ½ mile back up the road he had seen ice on the road.

The plaintiff saw Kenneth H. Barton in the hospital. Kenneth told him they were going too fast, was the cause of the accident; they came over the hill, and hit the ice.

The defendants' evidence tended to show that the ice at the scene of the wreck began just over the crest of the hill, was not visible until the car was virtually on it, and that the speed of the car was about 45 miles per hour.

Kenneth H. Barton and Douglas William Barton filed separate answers to the complaint. In Paragraph 5 of their answers it was admitted by

both defendants that the legal title to the Chevrolet automobile described in the complaint on the date mentioned in the complaint was registered in the name of Douglas William Barton. In Paragraph 7 of their answers each defendant admitted that on 26 December 1950, Kenneth H. Barton was 19 years of age and was a member of the household of his father, Douglas William Barton. Paragraph 8 of the complaint alleges that on 26 November 1950, the Chevrolet Coupe bearing New Jersey license No. NO-108 was being operated, driven, used and possessed by Kenneth H. Barton with the knowledge, consent and permission of his father, Douglas William Barton, the owner of said automobile. It is admitted in Paragraph 8 of the answers of both defendants that the allegations of Paragraph 8 of the complaint are admitted, except in respect to the ownership of the Chevrolet automobile, as to which ownership it is alleged that Douglas William Barton was the legal owner of said automobile and Kenneth H. Barton was the beneficial owner of the automobile. It is admitted in Paragraph 9 of both answers that Douglas William Barton purchased the Chevrolet automobile prior to 26 November 1950, for the use of Kenneth H. Barton and permitted his son to use and possess the same. The plaintiff introduced in evidence the aforesaid parts of the pleadings.

The defendants' evidence also tended to show that the defendant Douglas William Barton was a resident of Elizabeth, New Jersey; that he purchased this automobile with funds of his son; that this automobile was not driven by Douglas William Barton for his business or benefit. That money of Douglas William Barton helped to maintain the automobile in that Douglas W. Barton provided his son with his upkeep and support at the University.

Upon issues submitted to it, the jury found that plaintiff's intestate was killed by the negligence of the defendant Kenneth H. Barton, as alleged; that at the time, the defendant Kenneth H. Barton was operating the automobile as the agent of the defendant Douglas William Barton under the family purpose doctrine, as alleged; and awarded damages in the sum of $12,000.00.

From judgment signed in accordance with the verdict, both defendants appealed to the Supreme Court.

*Harkins, Van Winkle, Walton & Buck for plaintiff, appellee.*
*Adams & Adams for defendants, appellants.*

Parker, J. Summons in this action was duly issued on 15 November 1951. On 4 June 1953, the defendants duly served on plaintiff a notice that at the convening of court on 9 June, or as soon thereafter as convenient to the court, they would move the court for leave to amend their

respective answers so as to allege assumption of risk and contributory negligence of plaintiff's intestate in failing to protest against the manner in which Kenneth Barton was driving and in failing to warn him of danger on the road. Copies of the proposed amendments were attached to the notice. This motion was made to the court upon the call of the action for trial on 9 June 1953. The court in its discretion denied the motion, and the defendants excepted. This is their Assignment of Error No. One.

During the trial the defendant Kenneth Barton, at the beginning of his testimony, said the money that bought the car was his own money that he had saved. At this point the defendants moved for leave to amend Paragraph 9 of each answer by adding "that the money for the purchase of said automobile was the property of the defendant Kenneth H. Barton." The court, in its discretion, denied the motion, and the defendants excepted. This is their Assignment of Error No. Seventeen.

These two assignments of errors will be discussed together.

It is a firmly established rule of practice with us that an application for leave to amend a pleading, after time for filing has expired, is a matter addressed to the sound discretion of the trial court, and a ruling thereon is not subject to review on appeal unless the circumstances affirmatively show a manifest abuse by the court of its discretionary power. *Motor Co. v. Wood, ante,* 468, 78 S.E. 2d 182; *Hooper v. Glenn,* 230 N.C. 571, 53 S.E. 2d 843.

On appeal error will not be presumed. The burden is on the appellant to make it plainly appear. *Beaman v. R. R., ante,* 418, ...... S.E. 2d .. ...., where many authorities are cited. Our decisions are uniform that the burden of alleging and proving contributory negligence is on the defendant. *Lyerly v. Griffin,* 237 N.C. 686, 75 S.E. 2d 730. If contributory negligence had been pleaded, it would not avail the defendants for they have offered no evidence that plaintiff's intestate failed to warn Kenneth Barton of any danger or hazard on the highway or failed to protest against the manner in which he was driving.

Assumption of risk was not available as a defense for there was no contractual relation between plaintiff's intestate and the defendants. *Cobia v. R. R.,* 188 N.C. 487, 125 S.E. 18; *Broughton v. Oil Co.,* 201 N.C. 282, 159 S.E. 321.

As to the second proposed amendment. In Paragraph 9 of their respective answers each admitted that Douglas William Barton purchased said automobile prior to 26 November 1950 for the use of his son, and permitted him to use it fully, freely and exclusively. Kenneth Barton testified his father was paying the money for the trips, except for certain money he had earned in the summer; he was taking care of me; he had the automobile registered in his name with a New Jersey license. The

proposed amendment in the midst of the trial was too late. Further, the failure to allow the amendment did not hamper the defendants in their defense, for under the family purpose doctrine as set forth by this Court "liability under this doctrine is not confined to owner or driver. It depends upon control and use." *Matthews v. Cheatham,* 210 N.C. 592, 188 S.E. 87.

The record does not justify an inference that the trial court abused its discretion in the premises, and Assignments of Errors Nos. One and Seventeen are untenable.

The defendants' Assignment of Error No. 28—as stated in their brief— "relates to what the appellants urge is a misapplication of the family purpose doctrine. The court . . . charged the jury on the family purpose doctrine as the same prevails in North Carolina. In this it is felt that error was committed to the prejudice of the defendant Douglas William Barton." In support of their contention they cite four New Jersey cases which they assert decide that New Jersey does not follow the family purpose doctrine, certainly not to the extent as in North Carolina, and that Kenneth Barton could not, under the New Jersey law, be regarded as an agent of his father unless the car was in some manner used on the business or for the benefit of the father.

The actionable quality or nature of acts causing death is to be determined by the *lex loci. Childress v. Motor Lines,* 235 N.C. 522, 70 S.E. 2d 558; *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911, 148 A.L.R. 1126; 11 Am. Jur., Conflict of Laws, Sec. 182.

In *Young v. Masci,* 289 U.S. 253, 77 L. Ed. 1158, 88 A.L.R. 170, these were the facts. Masci, a citizen and resident of New York, brought this action in a court of New Jersey against Young, a citizen and resident of the latter state, to enforce liability for personal injuries under a New York statute. The New York statute imposed liability on the owner of an automobile operated on the highways of the state for the negligence of one driving it with his permission. Young lent his automobile to Michael Balbino for a day without restriction upon its use, the contract of bailment and delivery of the car being made in New Jersey; that Balbino took the car to New York; and that while driving there negligently struck Masci. There was evidence to justify a finding that the car was taken to New York with Young's permission, express or implied. By the law of New Jersey Young was immune from liability for Balbino's negligence. Young moved for a directed verdict on the ground that the bailment was made in New Jersey; that he was not in New York at the time of the accident; that Balbino was not his agent or engaged on business for him; and that to apply the law of New York and so make the defendant responsible for something done by Balbino in New York would deprive the defendant of his property and his liberty without due process

of law, in violation of the 14th Amendment to the U. S. Constitution. The jury found a verdict for the plaintiff, and the judgment entered thereon was affirmed by the highest Court of that State. 109 N.J.L. 453, 162 Atl. 623, 83 A.L.R. 869. In affirming the case the U. S. Supreme Court said: "When Young gave permission to drive his car to New York, he subjected himself to the legal consequences imposed by that State upon Balbino's negligent driving as fully as if he had stood in the relation of master to servant. A person who sets in motion in one State the means by which injury is inflicted in another may, consistently with the due process clause, be made liable for that injury whether the means employed be a responsible agent or an irresponsible instrument. The cases are many in which a person acting outside the State may be held responsible according to the law of the State for injurious consequences within it . . . The power of the State to protect itself and its inhabitants is not limited by the scope of the doctrine of principal and agent." The Court further on in the opinion said "obviously there is no denial of equal protection, since all who permit their cars to be driven in New York are treated alike." See also *Ewing v. Thompson,* 233 N.C. 564, 65 S.E. 2d 17.

The family purpose doctrine with respect to automobiles has been adopted as the law of this jurisdiction, and applied in numerous cases. *Ewing v. Thompson, supra; Matthews v. Cheatham, supra; Grier v. Woodside,* 200 N.C. 759, 158 S.E. 491.

The appellants do not contend that the trial court failed to charge or erroneously charged the law of this jurisdiction relative to the family purpose doctrine. The court was correct in charging the law of this State as it applied to the second issue, and appellants' Assignment of Error No. 28 is overruled.

The appellants' Assignment of Error No. 25 is that the court's instructions to the jury as to the doctrine of sudden emergency limited the application of the rule to an automobile driver who, by negligence of another and not by his own negligence is suddenly confronted with an emergency. In this exception appellants pick out one phrase "who by negligence of another" in a charge consisting of three paragraphs on the rule of sudden emergency. The words picked out occur in the first paragraph. The first paragraph is taken verbatim from *Bullock v. Williams,* 212 N.C. 113, 193 S.E. 170, except that the charge in the instant case says it is a question for the jury and the *Bullock case* says it is ordinarily a question for the jury. In the *Bullock case* the Court said "the statement of the general rule relating to emergencies, as contained in the charge, was in accord with the authorities," citing authorities. The appellants contend that the facts in the *Bullock case* show that the emergency involved the negligence of another, and the question was of no moment; and that the emergency in this case was created by weather conditions. If what the

Court said in the first paragraph was not applicable to the facts, it did state the doctrine of sudden emergency in the second and third paragraphs clearly and fully as set forth in our decisions. *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343; *Hoke v. Greyhound Corp.,* 227 N.C. 412, 42 S.E. 2d 593; *Ingle v. Cassady,* 208 N.C. 497, 181 S.E. 562. If the use of the words "by the negligence of another" was not applicable to the facts, and is technical error, we do not think that it was prejudicial error sufficient to cause a new trial.

The appellants assign as Errors Nos. twenty-six and twenty-seven part of the court's statement as to the contentions of the plaintiff *and the defendants* regarding the source of the funds for the purchase of the automobile for Kenneth Barton. This grew out of the facts that both defendants in their answers admitted that Douglas William Barton purchased the automobile for his son, and that Kenneth Barton testified he bought the car with his own money that he had saved.

As to whose funds paid for the car is not material, for liability under the family purpose doctrine as to automobiles is not confined to owner or driver; it depends upon control and use. *Matthews v. Cheatham, supra.* However, the appellants contend that it is manifest throughout the charge that the trial judge was inclined toward a recovery by the plaintiff, and that nowhere is this more outstanding than in the court's statement of the position of the defendants regarding the source of the funds for the purchase of the automobile for Kenneth Barton. There was evidence to support the contentions stated by the court. There is no assignment of error that the trial court expressed any opinion as to the facts. While the form and manner in which the contentions were stated are open to criticism, we are unable to reach the conclusion that the defendants were prejudiced thereby sufficient to order a new trial, for the burden is upon the appellants not only to show error, but also to make it appear that the result was materially affected thereby to their hurt. From a close reading of the whole charge, and especially the statements of contentions which form the bases of assignments of errors twenty-six and twenty-seven, we are of opinion that that burden the appellants have failed to carry. *Garland v. Penegar,* 235 N.C. 517, 70 S.E. 2d 486; *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342; *Stewart v. Dixon,* 229 N.C. 737, 51 S.E. 2d 182.

We have examined all the assignments of errors brought forward in the appellants' brief, and find none of them of sufficient merit to order a new trial. While there may have been technical error in the trial, that is not sufficient to disturb the verdict and judgment. It is the practical rule of appellate procedure that the burden is on the appellants to make it plainly appear that such error affected prejudicially a substantial right belonging to them, and that there is a reasonable probability that the

result of the trial might have been materially more favorable to them, if the error had not occurred. *Beaman v. R. R., supra; Call v. Stroud, supra,* where the authorities are cited.

When the exceptions reserved by the defendants are laid alongside of the rule of appellate procedure, it becomes clear that the case should not be sent back for a new trial.

For the reasons given, we find that there is in a legal sense

No error.